# BLUE *v.* ALLEE.

[No. 22,786. Filed January 25, 1916.]

1. ELECTIONS.—*Irregularities.*—*Effect.*—Generally mere irregularities on the part of election officers, or their omission to observe some merely directory provision of the law, does not vitiate the election. p. 304.

2. ELECTIONS.—*Statutes.*—*Mandatory and Directory Provisions.*— As a general rule provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose, and after the election they are treated as directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result; or unless the provisions affect an essential element of the election, or unless compliance with the particular provision is expressly declared to be essential to the validity of an election. p. 304.

3. ELECTIONS.—*Statutory Provisions.*—*Duty of Court.*—Where a statute expressly declares an act to be essential to the validity of a ballot, or that its omission shall render the ballot void, the court must treat such statute as mandatory regardless of whether the particular act in question goes to the merits or affects the result of the election in the case before it. p. 304.

4. ELECTIONS.—*Statutory Provisions.*—*Duty of Poll Clerks.*—*Ballots.*—*Validity.*—Section 6916 Burns 1914, Acts 1897 p. 49, §8, providing that poll clerks shall place their initials upon the back of each ballot, is mandatory when read in connection with §§6931, 6934 Burns 1914, Acts 1891 p. 133, Acts 1909 p. 152, providing

that no inspector or judge shall deposit in the ballot box any ballot upon which there does not appear the initials of the poll clerks, and that in canvassing the vote any ballot which is not indorsed with the initials of the poll clerks shall be void and not counted; hence ballots cast at an election upon which the initials of only one poll clerk appeared were void and could not be counted.  p. 305.

From Putnam Circuit Court; *John M. Rawley,* Special Judge.

Action by William J. Allee against Elmer Blue to contest an election.  From a judgment for the former, the latter appeals.  *Reversed.*

*Allee, James & Allee* and *Wm. M. Sutherlin,* for appellant.

*Hays & Murphy,* for appellee.

LAIRY, J.—At the November election, 1914, appellant and appellee were opposing candidates for the office of township trustee of Jefferson Township, Putnam County, Indiana.  The board of canvassers having declared the appellant duly elected this proceeding was commenced before the board of commissioners of the county, to contest the election upon the alleged ground that appellee had received more votes for the office than had appellant. The cause was appealed to the Putnam Circuit Court where issues were formed upon which the cause was tried by the court resulting in a judgment in favor of appellee.  For the purpose of the trial both parties agreed upon a statement of facts and upon request the court made a special finding and pronounced its conclusions of law thereon.  The errors assigned on appeal challenge the correctness of these conclusions of law and raise but one question, namely, whether four ballots should be counted which were legal and regular in every way except that there were endorsed thereon the initials of only one of the poll clerks.  Counting the four ballots in question would result in the election of appellee

while failing to count such disputed ballots would result in the election of appellant.

It is contended in support of the judgment that the provisions of the election law prescribing that the poll clerks shall endorse their initials upon the back of each ballot are merely directory, and that the writing of the initials of one of the poll clerks on the back of the ballots in question, was a substantial compliance with the statute and all that the law required in view of the fact that the ballots were in all other respects legal and regular and that the absence of the endorsement of the initials of the other poll clerk occurred solely through an oversight of such election officers. The general rule is that mere irregularities on the part of election

1. officers, or their omission to observe some merely directory provision of the law does not vitiate the election. The difficulty often arises, however, in determining whether the provisions of a particular statute are directory or mandatory.

From the current of authority it seems to

2. have been generally stated that all provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose. After election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or, lastly, unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission shall render it void. If a statute expressly declares any particular act

3. to be essential to the validity of a ballot or that its omission shall render the ballot void, the courts whose duty it is to enforce the law as they

find it, must so hold, whether the particular act in question goes to the merits or affects the result of the election in the case before them; for such statute is mandatory, and the courts cannot enter into the question of its policy. *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 30 N. E. 790, 30 Am. St. 254, 15 L. R. A. 775; *Jones* v. *State, ex rel.* (1899), 153 Ind. 440, 55 N. E. 229.

Under the rules above stated it is apparent that that part of §6916 Burns 1914, Acts 1897 p. 49, which provides that the poll clerks shall place their initials upon the back of each ballot, 4. is mandatory, when read in connection with §§6931, 6934 Burns 1914, Acts 1891 p. 133, Acts 1909 p. 162, of the same law. These sections respectively provide that no inspector or judge shall deposit in the ballot box any ballot upon which there does not appear the initials of the poll clerks, and that in canvassing the vote any ballot which is not indorsed with the initials of the poll clerks shall be void and not counted. The omission of the initials of one of the poll clerks from the the ballots in controversy was fatal to such ballots and they could not be counted under the sections of the statute above referred to. *McKay* v. *Minner* (1899), 154 Mo. 608, 55 S. W. 866; *Orr* v. *Bailey* (1899), 59 Neb. 128, 80 N. W. 495. The trial court erred in concluding that the disputed ballots should be counted. The judgment is reversed with instructions to the trial court to restate its conclusions of law in accordance with this opinion.

NOTE.—Reported in 111 N. E. 185. As to irregularities that will avoid an election, see 90 Am. St. 49. As to the effect on ballots cast at an election of official irregularity therein, see Ann. Cas. 1912 A 171; Ann. Cas. 1915 A 1008. See also, under (1) 15 Cyc 372; (2) 15 Cyc 362; (3) 15 Cyc 345, 362; (4) 15 Cyc 350, 351.