CAVE *v.* CONRAD.

[No. 27,270.   Filed January 8, 1940.]

*Carl M. Gray, Leo J. Stemle,* and *Clemence Nordhoff,* for appellant.

*W. E. Cox, Louis A. Savage,* and *S. T. Kuiken,* for appellee.

TREMAIN, J.—The appellant and appellee were nominated by their respective political parties at the May primary election of 1938 for the office of trustee of Columbia Township in Dubois County. At the time of the nomination the appellant was the incumbent of that office. Their names were placed upon the official ballot at the following November election as opposing candidates for trustee of that township. The canvassing board certified that the appellant received 256 votes and the appellee received 268 votes. Accordingly a certificate of election was issued to appellee, and he qualified by taking the oath of office and filing a bond.

On November 19, 1938, the appellant filed this action in the Dubois Circuit Court for a recount and to contest the election. A commission was appointed and certified in its report that the appellant received 245 votes and the appellee received 267 votes at the general November election. The cause was then submitted to the court for trial and judgment. The sole and only grounds of contest were that the appellee's declaration of candidacy, filed with the clerk of the circuit court preceding the May primary, was not accompanied by a petition signed by 10 qualified voters of the township, and that said petition was not signed in ink or with an indelible pencil as provided by Section 29-513, Burns' Ind. St. 1933 (Pocket Supp.). Issues were formed upon the

complaint which resulted in a finding and judgment that the appellee was duly elected by a majority of 22 votes and was entitled to immediate possession of the office.

From this judgment the appellant has appealed and assigned as error that the decision is not sustained by sufficient evidence and is contrary to law. He takes the position that because of the aforesaid irregularities in the petition of the appellee filed with his declaration of candidacy in the May primary of 1938, his election was void and he was not entitled to a certificate of election, and that the votes cast for him should not be counted. There is no contention upon the part of the appellant that the appellee did not receive a majority of all the votes cast at the general November election, but it is contended that appellee's name was illegally placed upon the primary ballot; that he was illegally nominated in the primary election, and for that reason it was illegal to place his name upon the ballot used in the November election; and that any vote cast for him was illegal.

The contest involved in this proceeding is governed by Chapter 82 of the Acts of the General Assembly of 1935, p. 238, the several sections of which are included in the supplement to Burns' Indiana Statutes 1933, and references hereafter will be to the supplement. It is provided in Section 29-2301 that the election of any person who is declared elected by popular vote to a township office, or the nomination of any person who is declared nominated at a primary as a candidate for such office, may be contested by any person who was a candidate at such election for such office or such nomination. The causes of contest are recited in Section 29-2302 and include: (1) Irregularity or misconduct of any member or officer of any precinct election board

or the proper board of judges or canvassers; (2) that the contestee was ineligible; and (3) that he had been convicted of an infamous crime.

Section 29-2304 specifies that a complaint to contest shall be verified by the contestor "and shall be filed not more than ten (10) days after the Thursday next following such election." The primary election was held on Tuesday May 3rd, and in order to contest the election of one declared elected at the primary, the contest should have been filed on or before the 14th day of May, 1938. The appellant's action is not to contest the November election, but is an attack upon the May primary election.

But aside from this question, Section 29-2303 provides:

"No irregularity or malconduct of any member or officer of a precinct election board or of the board of judges or canvassers, nor any mistake or fraud in the counting of such votes, shall set aside the election of any person unless such irregularity, malconduct, mistake or fraud was such as to cause the contestee to be declared elected when he had not received the highest number of votes . . . "

The appellant concedes that appellee filed in the clerk's office a declaration of his intention to be a candidate for trustee of Columbia Township in substantial compliance with the statute. It was signed by 13 persons. It is stipulated that 7 of them were duly qualified voters. Three other signatures to the petition were resident voters of that township, except they had not registered at the time they signed the petition. They registered after the primary and voted in the general election. Another signer of the petition also signed a petition of appellee's opponent in the primary. The primary election board struck his name from the opponent's petition for the reason that he

signed appellee's first. The fact that the voters had not registered at the time they signed appellee's petition did not disqualify them from signing the same or void the petition. *Piuser* v. *Sioux City* (1935), 220 Iowa 308, 262 N. W. 551, 100 A. L. R. 1298, annotated at page 1308. Many authorities are there collected. At page 1310 it is said:

"So far as the right to sign a petition to have a certain person's name appear as a candidate on a primary election ballot was concerned, it was held in Re Sullivan (1932), 307 Pa. 221, 160 A. 853, unnecessary that the signer be registered in the district at the time of signing, the court noting that registration was usually a prerequisite to voting, but that it was not a qualification for the exercise of the franchise; and also that the legislature, in specifying grounds for refusing or setting aside a nominating petition, had failed to mention registration."

The statute in this state does not contain a provision requiring the signers of the petition to be registered at the time.

The appellant contends that the provisions of the statute are mandatory, and, unless the petition is signed by the required number and in the manner prescribed, the petitioner, contestee, is not entitled to have his name placed upon the ballot at the general election, and the question may be raised by a complaint to contest after the general election. This question has been considered in *State ex rel. Harry* v. *Ice* (1934), 207 Ind. 65, 191 N. E. 155, wherein the following language is used, page 71:

"It is well settled that provisions of the election law viewed as mandatory, if enforcement is sought before election in a direct proceeding, will be held directory only in a proceeding after the election unless an essential element of the election is affected,

or there is an express declaration in the statute that the act is essential to a valid election, or that its omission will render the election void."

That decision further holds, in substance, that the provisions for the nomination of candidates and the filing of the nomination papers are binding upon the officers for whose guidance they are intended, but will be disregarded in determining the validity of a subsequent election if it plainly appears that the will of the majority of the electors is fairly expressed by the ballot. The statute controlling elections in this state does not by express terms declare such irregularities to void the election. If it did there would be reason for appellant's contention that the provisions are mandatory. The statute simply provides a certain thing shall be done within a particular time and in a particular manner, and does not declare that their performance shall be essential to the validity of an election. They are regarded as mandatory where they affect the merits of the election and are directory only if they do not. *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 568, 30 N. E. 790.

Also, in *Jones* v. *State, ex rel.* (1899), 153 Ind. 440, 55 N. E. 229, the court was considering an election contest wherein it was charged that the election was invalid for the reason that the certificate of nomination was not acknowledged by the president and secretary of the convention; that the official ballot was not properly prepared as provided by statute. There was no attempt upon the part of the appellant in that case to show that any elector was deprived of freely exercising his choice in casting his ballot in the general election. On page 446 the court said:

"In considering the question presented, we must not lose sight of the fact that the purpose of all

election laws is to secure to electors the correct expression of their choice in the selection of public servants; and that irregularities on the part of election officers not going to the time or place, or other vital matter of the election, or their omission of acts not declared to be essential to the validity of the election, are to be held directory only in support of the voter's right to have his ballot counted as cast."

The appellant has failed to show that the rights of the voters were affected or invalidated by the irregularity of appellee's petition attached to the declaration of candidacy. In *Bramley* v. *Miller* (1936), 270 N. Y. 307, 1 N. E. (2d) 111, the New York court had under consideration a petition, required by the laws of that state to be filed and signed, for calling a meeting for the nomination of candidates. The petition was not signed by the requisite number as prescribed by statute, but the candidate's name was placed upon the official ballot. The court there held that the result of the vote taken on election day was not rendered void because of the irregularity of the nominating convention or nominating petition; that objection to the petition must be raised and disposed of before election day. "The result of the election is final and wipes out all these prior irregularities, if there be any."

There is nothing in the case at bar to indicate that the election was not fairly and properly conducted, and all the voters of the township were privileged to cast their ballots for the candidate of their choice. When this is done minor irregularities and defects in the procedure which brought about the election are insufficient to avoid the result.

A search of the record fails to disclose any evidence upon the charge that the petition was not signed in

ink or with an indelible lead pencil. If such proof had been made, the question could not be raised after the general election for the first time.

The general rule is clearly stated in 20 C. J. 132 under title of Election, § 152, as follows:

"Objections relating to nominations must be timely made; otherwise they may be regarded as waived. It is too late to make them after the nominee's name has been placed on the ballot and he has been elected to office; his election cannot be impeached on the ground that statutory requirements regarding nominations were not complied with in his case, or that his nomination was procured by unlawful means."

When a legal voter receives from the election board an official ballot and enters the booth to mark the same, he has the right to presume that the ballot was duly and legally prepared. He is not called upon to inquire into the regularity of the primary or the acts of the members of the board of election commissioners. He cannot be disqualified in this manner.

There may be other reasons why the appellant cannot maintain this action, a discussion of which is, unnecessary. It is clear that the judgment is sustained by sufficient evidence and is not contrary to law.

The judgment is affirmed.