STATE EX REL. JONES *v.* JOHNSON CIRCUIT COURT, LYBROOK, JUDGE.

[No. 30,232. Filed April 18, 1962.]

8

*Pogue & Young,* of Franklin, for relator.

*Robert B. Lybrook, pro se.*

*Edwin K. Steers,* Attorney General, *Addison M. Dowling* and *Thomas L. Webber,* Deputy Attorneys General, amicus curiae.

ACHOR, C. J.—Relator has filed a petition for writ of prohibition in which he asks that the respondent court be prohibited from calling a special election relative to the adoption of a comprehensive plan for the reorganization of certain school corporations, which election had been requested by the School Reorganization Commission of Johnson County pursuant to §28-6118, Burns' 1961 Supp.

The relator asserts that the respondent is without jurisdiction to order the special election for two reasons: first, because an appeal of the proceedings is in progress and, secondly, because the procedure prescribed by the statute, which authorizes such election, had not been followed preliminary to said order. This court issued a temporary writ upon the second ground asserted in relator's petition.

The factual situation with which we are here confronted is not disputed; therefore, the issue presented thereby is a matter of law. The facts are as follows: On March 17, 1962 the Indiana State Commission for the Reorganization of School Corporations notified the Johnson County Committee of its approval of the proposed reorganization of certain schools in Johnson County. On March 20, 1962 a written request, signed by a majority of the county committee, requested the respondent to issue an order for a special election on said comprehensive plan to be held on May 8, 1962, the date of the primary election in said county. On March 29, 1962 relator filed a notice of appeal from the decision of the Indiana State Commission.

Respondent indicated his intention to order notice of the election, as requested. Relator then filed a petition challenging the jurisdiction of the court to order the election for the reason hereinabove stated. With respect to the petition the court entered the following finding and judgment:

> "And the Court . . . now finds that this Court has jurisdiction denied of it in said petition . . .
>
> IT IS, THEREFORE, ORDERED, DECREED AND ADJUDGED by the Court that the relief sought in the petition . . . is denied."

The controlling statutes with which we are here concerned are §§28-6116, 28-6117 and 28-6118, Burns' 1961 Supp.

> "(2) Any party feeling aggrieved by the decision of the state commission, after the hearing provided for in section 6 [§28-6115] of this act, may appeal within thirty [30] days from such decision to the court of competent jurisdiction in the respective county on any question of adjustment of property, debts and liabilities among the school corporations involved. . . . The court shall have power to determine the constitutionality and the equity of the adjustment or adjustments proposed, . . .
>
> Any determination by the court with respect to the adjustment of property, debts and liabilities among the school corporations or areas involved shall not otherwise affect the validity of the reorganization or creation of any school corporation or corporations under the provisions of this act." §28-6116.
>
> "At any time after the date an approved plan is received by the county committee from the state commission, a community school corporation provided for in such approved plan may be created and established by a petition stating that the signers request the establishment of the community school corporation, as provided in said approved plan, which petition shall be signed by

fifty-five per cent [55%] or more of the registered voters residing within the boundaries of the community school corporation. . . ." §28-6117.

"If within ninety [90] days from the date of receiving an approved plan from the state commission, a petition, in the form described in subsection (1) [§28-1117] of this section, is not received by the county committee for any community school corporation set forth in the approved plan, then the county committee shall within ten [10] days thereafter, report such fact to the judge of the circuit court, who shall call a special election of the registered voters residing within the boundaries of each such community school corporation at the time of the next succeeding primary or general election, whichever is earlier, following such report by the county committee. . . . Provided, however, that if no such primary or general election is to be held within a period of six [6] months from the date of report [of] said county committee to said judge of the circuit court or in lieu thereof, upon written request signed by a majority of the members of said county committee to the said judge of said circuit court, for a special election on its comprehensive plan, made by said county committee at any time following the approval of its comprehensive plan by the state committee for the reorganization of schools, such judge shall thereafter and within thirty [30] days give a notice by publication as above specified for a special election on such comprehensive plan to be held within thirty [30] days from the time of such publication of notice." §28-6118.

In deciding this case there are certain general fundamental rules and propositions of law by which we are governed.

1. Since the action of the court in ordering notice of a special election is a quasi judicial act [of which an order book entry is made], this court has ▮▮▮▮ jurisdiction to issue writs of prohibition to confine the court to its lawful authority with

respect thereto. Acts 1955, ch. 253, §1, p. 647 [§3-2201, Burns' 1961 Supp.]. See: *Ellingham* v. *Dye* (1912), 178 Ind. 336, 400-405, 99 N. E. 1, 24-26; *State ex rel. Patton* v. *Myers* (1933), 127 Ohio St. 95, 186 N. E. 872. And although individual citizens have no vested property right in the continuation of a political subdivision of the state in its present form, nevertheless, the individuals so affected may, as a class or on behalf of the state, require that the procedure prescribed for changing such political subdivisions be followed. *Woerner etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34, 36, and cases cited therein.

2. The establishment of a community school corporation, as here under consideration, being a special statutory proceeding, the procedural requirements prescribed in the act must be strictly followed. The court has no authority to ignore such procedure or adopt a different method of procedure. *State ex rel. M. West Ins. Co.* v. *S. Ct. of Marion Co.* (1952), 231 Ind. 94, 100, 106 N. E. 2d 924, 927; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254, 261 and cases cited therein.

3. In construing a statute it is the duty of this court to give effect, if possible, to the intention of the legislature which enacted the law, insofar as this intention can be ascertained from all of the express provisions of the statute, the history of the particular legislation, and the legislative records with respect thereto.

We now consider relator's *first* contention, that the respondent court is without jurisdiction to proceed with the special election pending an appeal by the relator from the decision of the State Committee. A method is set out in §28-6116(2), *supra*. Under this

section the appeal is limited to "any question of adjustment of property, debts and liabilities among the school corporations involved." In this case there was no splitting of existing school districts or corporations; therefore, there was no occasion for the "adjustment of property, debts and liabilities among the school corporations involved."·

Furthermore, the act makes no provision for *staying elections* pending such appeals. On the contrary, said section provides that:

> "Any determination by the court with respect to the adjustment of property, debts and liabilities among the school corporations or areas involved shall not otherwise affect the validity of the reorganization or creation of any school corporation or corporations under the provisions of this act."

We conclude, therefore, that the fact that relator was prosecuting an appeal from the approval of the plan by the state committee, did not, under the facts before us, stay the right and duty of the court to call a special election.

Relator's second alleged grounds for the writ presents a more complex problem. Relator asserts (a) that the 90 day statutory period for the filing of a voluntary petition for the approval of the comprehensive plan, and for a report thereof to the judge, is jurisdictional to the proceedings and that such period has not yet elapsed and, (b) that the provision in the statute for the calling of such a special election upon the written request of the Johnson County Committee at any time after the approval of the plan by the State Committee, as provided by statute, is not applicable since there is a general election to be held within six months of the time for the filing of the report by the county committee

to the judge by the county, as provided in the normal procedure as prescribed by the act.

A decision of this issue requires that we construe the law to determine its procedural requirements. Under the undisputed facts, did the court have authority to order a special election on May 8, 1962, without regard to the 90 day period provided by the statute for the filing of a voluntary petition for adoption of the proposed plan?

In determining this question, we direct our attention first to the legislative purpose of the act and its history. The act was first passed in 1959, and was in the present form down to the sentence in §28-6118, *supra*, which begins with the word "Provided." This sentence which is in supplementation of the prior provisions of the act was added by an amendment adopted by the legislature in 1961.

The purpose of the 1959 act was to authorize and establish procedure for the adoption of more comprehensive plans of community school corporations. The act provided for the adoption of such plans (agreed upon by a county committee and approved by a state committee), either by voluntary petition of the voters within the area of the plan, or by special election within such community, called by the judge of the circuit court. Section 28-6117, *supra*, provided for the voluntary adoption of the plan by 55% of the voters of the area encompassed in the plan. Section 28-6118, *supra*, then provided that if there was no such voluntary petition filed with the county committee within 90 days, then on report of this fact by the county committee to the judge of the circuit court, he should issue notice of a special election upon the proposed plan "at the time of the next succeeding primary or general election, whichever is earlier." Be-

cause of the fact that elections on a county basis are held at two year intervals, this time limitation upon the adoption of the plan by election was found to result in delays of as much as one and one-half years between such elections. The obvious purpose of the 1961 amendment was to obviate this delay.

In construing the amendment added to the act in the form of a proviso, we are, on behalf of the respondent, asked to ignore the first clause thereof as "a garbled and incomplete fragment," and give consideration only to that part of the amendment beginning with the words "or in lieu thereof." [§28-6118.]

We seriously question whether this court has authority to ignore such a significant part of a legislative enactment (because of ambiguity) without invalidating the entire provision of which it is an integral part. However, we are not required to apply this rule of law to the case at bar. Here, the circumstance which motivated the adoption of the amendment is stated in the initial clause of the amendment, as follows: *"Provided, however, that if no such primary or general election is to be held within a period of six [6] months from the date of report [of] said county committee to said judge of the circuit court. . . ."*

Is the above statement a meaningless fragment inadvertently injected into the amendment, or does it state the primary condition upon which the remaining provisions of the amendment are made to rest? It is the duty of this court to recognize and give meaning to the clause if, by reasonable construction, an intelligent meaning is possible. We therefore give our consideration to a syntactical analysis of the entire amendment, with this purpose in mind.

The remainder of the amendment is a continuation of the same sentence as previously quoted, in part. It

continues, without punctuation, with the phrase "or in lieu thereof, . . ." The word "or", which connects the precedent and antecedent parts of the sentence, is a co-ordinate conjunction which, according to definition and the accepted rules of grammar,[1] joins words, phrases, and clauses of equal rank which are logically parallel and consistent in their subject-matter. Thus, we must determine whether, within the construction of the *sentence*, there are parallel but alternative provisions for procedure within the subject-matter of the provisory clause which preceded the conjunction.

Where parallelisms are joined by the use of the conjunction "or", the correlative word "either" is implied. [The phrase "in lieu thereof" is synonymous with the correlatives "either" and "or" which, by definition, marks an alternative.] Therefore, the sentence which we are asked to construe, paraphrased with the rules of grammar applied, might read: "Provided, however, that if no such primary or general election is to be held within a period of six [6] months from the date of report [of] said county committee to said judge of the circuit court, then *either* the judge shall call a special election [in the manner provided] within thirty [30] days from the date of such report *or* [in lieu thereof] such procedure, if no primary or general election is to be held within a period of six [6] months from the date of such report, then upon written request of the county committee made at any time following approval of the plan by the state committee [without waiting the 90 day period prescribed

---

1. An accepted authority on grammar states that: Co-ordinating conjunctions, including correlatives, connect words, phrases, and clauses of equal rank. It further states that parallel form should be used after the correlatives "either" and "or", etc. Strict parallelism in structure is not invariably required, and may sometimes be inferred (as in this case). Clark, Davis, Shelley, Handbook of English, Ginn and Company 1951.

for the filing of a voluntary petition], the judge shall call such special election." In any event, the alternative methods of procedure authorized by the amendment are, in either instance, conditioned upon the fact of there being *no* primary or general election within six [6] months from the *date provided* for the filing of a report by the county committee with the judge (that the plan has been approved by the state committee and *no* petition for the adoption of the plan has been filed).

We conclude, therefore, that because a general election will be held within six [6] months from the date of report of the county committee to the judge of the Circuit Court, as such date is fixed by the procedure prescribed in the statute, the court has no authority in the particular proceeding to initiate an election at a different time than that fixed by statute. We further conclude that such action of the Johnson Circuit Court, if timely challenged, is subject to a writ of prohibition.

The temporary writ of prohibition hereinbefore issued is, therefore, made permanent.

Arterburn, Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 181 N. E. 2d 857.