PHILLIPS ET AL. *v.* STERN ET AL.

[No. 468A58. Filed November 13, 1969. Rehearing denied December 15, 1969. Transfer denied March 6, 1970.]

*Frank E. Spencer,* of Indianapolis, for appellants.

*George B. Gavit, Ice, Miller, Donadio & Ryan,* of Indianapolis; *Byron E. Bamber, Galvin, Galvin & Leeney,* of Hammond; *John J. Dillon,* Attorney General and *Anthony Champa,* Assistant Attorney General, for appellees.

CARSON, J.—This action was initiated by appellant, Phillips and others as residents, school patrons and taxpayers of St. John Township, Lake County, Indiana. Plaintiffs-appellants filed a complaint in the Lake County Circuit Court; said complaint being in two paragraphs and praying for an injunction and a declaratory judgment, respectively, in relation to the attempted creation of the Lake Central School Corporation. The cause was venued to the Porter Superior Court, from which this appeal comes.

To each paragraph of the plaintiffs' complaint, separate demurrers were filed by various groups of defendants. The Porter Superior Court sustained each and all of the several demurrers and upon plaintiffs' refusal to plead further, entered judgment for the defendants as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that the plaintiffs take nothing by this action, and that the defendants recover of the plaintiffs their costs and charges in this cause laid out and expended."

There being no trial, a motion for a new trial was not filed and the matter is presented upon appellants' assignment of errors containing six specifications reading as follows:

"1. The court erred in sustaining the demurrer of the defendants Bryce Bottom, William E. Wilson, John J. Dillon, Herbert Holmes, Amelia G. Cook, Chester Biddle, Custer Baker, J. William Chambers, and Dick Heller, Jr., as members of and constituting the State Commission for the Reorganization of School Corporations of the State of Indiana, and the State Commission for the Reorganization of School Corporations, as to Paragraphs 1 and 2 of plaintiffs' complaint.

"2. The court erred in sustaining the demurrer of William H. Stern, James Baker, Clark N. Johnson, Michael Marietta, Anna Maloney, Walter R. Mybeck, William E. Purcell, Vernon Ruge, and Harry F. Smiddy, Jr., as members of and constituting the Lake County Committee for the Reorganization of School Corporations, and the Lake County Committee for the Reorganization of School Corporations, as to Paragraphs 1 and 2 of the plaintiffs' complaint.

"3. The court erred in sustaining the demurrer of William Graham, Louis Cinko, Nicholas Kuhn, Bernie Jostes, and Bert Ratcliff; Robert Grove, Robert S. Gentz and Robert Peifer, as members of and constituting the Board of Trustees of the School Town of Schererville; the School Town of Schererville; St. John School Township of Lake County, Indiana, and Louis Cinko, Trustee of the St. John School Township, Lake County, Indiana, as to Paragraphs 1 and 2 of plaintiffs' complaint.

"4. The court erred in sustaining the motion of the defendants that the Court enter an order requiring the plain-

tiffs to plead over, following the sustaining of the said demurrers of said defendants, as set forth hereinabove.

"5. The court erred in ordering the plaintiffs to plead over, following the sustaining of the said demurers of the defendants, as set forth hereinabove.

"6. The court erred in entering judgment against the plaintiffs on said demurrers, that the plaintiffs take nothing by their action, and that the defendants recover their costs."

Rhetorical Paragraphs 1, through and including, Rhetorical Paragraph 7, are identical in both Pleading Paragraphs 1 and 2 of the complaint and purport to set forth the individual and representative capacity of each plaintiff and defendant to this action. Rhetorical Paragraphs 8 through 19 and the prayer of Paragraph 1 of the complaint, read as follows:

"8. That the Defendants Lake County Committee For The Reorganization of School Corporations and its members and the Defendants State Commission For The Reorganization of School Corporations of the State of Indiana and its members have heretofore purported to approve a Comprehensive Partial Plan for Lake County, Indiana, for the creation of a Community School Corporation out of School Town of Schererville and St. John School Township, the said proposed community school corporation to be the said Lake Central School Corporation, and which said proposed plan would dissolve said St. John School Township, Lake County, Indiana, and The School Town of Schererville, and transfer all of the assets of the said two school corporations to the said proposed Lake Central School Corporation.

"9. That heretofore on the 29th day of September, 1966, the Judge of the Circuit Court of Lake County purportedly issued an *ex parte* order concerning and referring to the said partial plan for the creation of the said proposed Lake Central School Corporation, purporting to call a special election concerning the same, to be held at the time of the next General Election, to wit: November 8, 1966, but that the records of said *ex parte* matter do not contain any statement or finding of fact that said partial plan had been received at any time by the chairman of the Lake County Committee for the Reorganization of School Corporations. "10. That in spite of the lack of statutory conditions precedent as provided in the Acts of 1959, Ch. 202, Sec. 7 (1) & (2), as amended, (and as found in Burns (1966 Supp.),

Sec. 28-6117 and Sec. 28-6118, that the plan be received by the chairman of the County Committee (after approval by the State Commission for the Reorganization of School Corporations) not sooner than thirty (30) days and within six (6) months of a general election at which county officials are nominated or elected, said *ex parte* order for said special election directed the holding of the same on November 8, 1966.

"11. That contrary to the provisions of said statute, the notice of said special election which was ordered and given pursuant to said *ex parte* order did not designate the 'voting place or places at which the election will be held.'

"12. That rather than holding a special election as ordered by the Judge of the Circuit Court of Lake County, the Board of Election Commissioners conducted only the general election, and purported to submit a Referendum Question concerning said proposed school corporation at said General Election.

"13. That the action of the Defendant State Commission For The Reorganization of School Corporations of the State of Indiana and its members in purportedly approving said partial plan for the creation of said proposed community school corporation, and said proposed plan of the Defendants County Committee and its members was illegal, in execss of its jurisdiction and authority and void and of no effect because the action of purported approval of said partial plan was purportedly taken at a special 'executive session' at 3:10 P.M., September 27, 1966, Triton High School Conference Room, Fairland, Indiana, attended by only a part of the members of said State Commission, and without notice previously given of the time and place of said meeting to the members of said State Commission who were not in attendance.

"14. That the said partial plan for the creation of the said Lake Central School Corporation is null and void and in violation of Article 1, Section 23 and Article 3, Section 1, in that the provisions therein contained that purport to limit the eligibility of electors and registered voters to qualify and hold the office of member of the Board of Trustees of the proposed Lake Central School Corporation to only those candidates, nominees, members or appointees who have 'reached the full age of twenty-five (25) years' at the time of the appointment or election, and have been residents of the particular district from which they are to be nominated or appointed for three (3) or more years immediately pre-

ceding the commencement of their term of office, constitutes an arbitrary and unreasonable classification which grants to certain citizens privileges in violation of said Article 1, Section 23, and constitutes an attempt by said Defendants to legislate in violation of said Article 3, Section 1, said Articles and Sections being of the Constitution of the State of Indiana.

"15. That the said partial plan for the creation of the said Lake Central School Corporation is null and void and of no effect for the further reason that said partial plan was submitted to the said Defendant State Commission for its approval more than sixteen (16) months after the date when substantially the same plan had been rejected by the voters in the said St. John Township and the Town of Schererville, without any authority in law for said re-submission to the said Defendant State Commission.

"16. That said partial plan purportedly approved by the Defendant State Commission on September 27, 1966 was not in fact a 'new plan of reorganization' as provided in the Acts of 1959, Ch. 202, Sec. 7(3), as amended, and as found in Burns (1966 Supp.), Section 28-6119, but was in fact substantially the same plan which had been rejected by the voters, and no special election directed by the said Defendant County Committee has been held pursuant to the provisions of said statute.

"17. That the Judge of the Circuit Court of Lake County has purported to appoint the Defendants William Graham, Louis Cinko, Nicholas Kuhn, Bernie Jostes and Bert Ratcliff as members of the Board of Trustees of the said proposed Lake Central School Corporation, which said corporation is not in being.

"18. That said Defendants St. John School Township, Louis Cinko, as Trustee of said St. John School Township, the School Town of Schererville, and Robert Grove, Robert S. Gentz and Robert W. Peifer, as Members of and Constituting the board of trustees of the said School Town of Schererville, cease and stop performing the duties of their office and the duties of said school corporations, and will turn over the assets of said school corporations to the said Defendants William Graham, Louis Cinko, Nicholas Kuhn, Bernie Jostes and Bert Ratcliff who will, unless enjoined, accept said assets and purport to act and function as the board of trustees of the proposed Lake Central School Corporation.

"19. That by reason of the premises the Plaintiffs have no

adequate remedy at law and will suffer great damage and irreparable injury unless the injunctions herein prayed be issued; and that by the actions of said Defendants the rights and status of the Plaintiffs as said residents, school patrons and taxpayers will be materially changed, as will their school districts and tax burdens.

"WHEREFORE, Plaintiffs pray and ask that the Defendants Louis Cinko, Trustee of the St. John School Township, said St. John School Township, the School Town of Schererville, and Robert Grove, Robert S. Genz and Robert W. Peifer, as Members of and Constituting the Board of Trustees of the School Town of Schererville, be permanently and perpetually enjoined from ceasing and stopping and continuing to refrain from performing the duties of their office in respect to the duties of said school corporations, and from turning over the assets of said school corporations to said newly appointed Defendants purporting to act and function as the board of trustees of the proposed Lake Central School Corporation, and from thereafter refraining to exercise and maintain control and disposition of the assets of said existing school corporation; and that the said Defendants William Graham, Louis Cinko, Nicholas Kuhn, Bernie Jostes and Bert Ratcliff be permanently and perpetually enjoined [from] maintaining and exercising any control and power of disposition over the assets of the said St. John School Township and the said School Town of Schererville, and from purporting to act and function as the board of trustees of the said proposed Lake Central School Corporation; and the Plaintiffs pray for all other relief just and proper in the premises."

Rhetorical Paragraphs 8 through 17 of Paragraph 2 of the plaintiffs' complaint are identical to, and reiterate the facts alleged in Rhetorical Paragraphs 8 through 17 of Paragraph 1 of the complaint. Paragraph 2 of the complaint is concluded by a prayer, which reads as follows:

"WHEREFORE, plaintiffs ask that the Court make and enter its declaratory judgment herein that the proposed Lake Central School Corporation has not been validly formed and created, that there is no valid partial plan for the creation of said school corporation approved by the said State Commission, that no valid Special Election has been held pursuant to said plan, that there is no valid Board of Trustees to be appointed or to act and function as the Board

of Trustees of said proposed Lake Central School Corporation; and for all other relief just and proper in the premises."

The demurrers filed by the various parties read as follows:

"DEMURRER
"Come now WILLIAM GRAHAM, LOUIS CINKO, NICHOLAS KUHN, BERNIE JOSTES and BERT RATCLIFF; ROBERT GROVE, ROBERT S. GENTZ and ROBERT W. PEIFER, as Members of and Constituting the Board of Trustees of the School Town of Schererville; THE SCHOOL TOWN OF SCHEREVILLE; ST. JOHN SCHOOL TOWNSHIP, LAKE COUNTY, INDIANA; and LOUIS CINKO, Trustee of the St. John School Township, Lake County, Indiana and demur to plaintiffs' complaint and each paragraph thereof separately and severally on each of the following separate and several grounds, to-wit:

"1.  The court has no jurisdiction of the subject matter.

"2.  The plaintiffs have no legal capacity to sue.

"3.  That there is a defect in parties defendant, in this; the Lake Central School Corporation is a necessary party defendant.

"4.  That said complaint and each paragraph thereof does not state facts sufficient to constitute a cause of action."

"DEMURRER TO PARAGRAPH ONE OF COMPLAINT
"The defendants William H. Stearn, James Baker, Clark N. Johnson, Michael Marietta, Anna Maloney, Walter R. Mybeck, William E. Purcell, Vernon Ruge and Harry F. Smiddy, Jr., as Members of and Constituting the Lake County Committee for the Reorganization of School Corporations and Lake County Committee for the Reorganization of School Corporations demur to Paragraph One of the complaint upon the following grounds:

"1.  That the Court has no jurisdiction of the subject matter of the action.

"2.  That the plaintiffs have no legal capacity to sue.

"3.  That there is a defect of parties plaintiff in that the State of Indiana is a necessary party plaintiff.

"4.  That there is a defect of parties defendant in that the Lake Central School Corporation is a necessary party defendant.

"5. That Paragraph Two of the complaint does not state facts sufficient to constitute a cause of action."

"DEMURRER TO PARAGRAPH TWO OF COMPLAINT

"The defendants William H. Stearn, James Baker, Clark N. Johnson, Michael Marietta, Anna Maloney, Walter R. Mybeck, William E. Purcell, Vernon Ruge and Harry F. Smiddy, Jr., as Members of and Constituting the Lake County Committee for the Reorganization of School Corporations and Lake County Committee for the Reorganization of School Corporations demur to Paragraph Two of the complaint upon the following grounds:

"1. That the Court has no jurisdiction of the subject matter of the action.

"2. That the plaintiffs have no legal capacity to sue.

"3. That there is a defect of parties plaintiff in that the State of Indiana is a necessary party plaintiff.

"4. That there is a defect of parties defendant in that the Lake Central School Corporation is a necessary party defendant.

"5. That Paragraph Two of the complaint does not state facts sufficient to constitute a cause of action."

"DEMURRER TO PARAGRAPH I OF PLAINTIFFS' COMPLAINT

"Comes now JOHN J. DILLON, as Attorney General of Indiana, by Anthony Champa, Deputy Attorney General of Indiana, on behalf of the defendants, Bryce Bottom, William E. Wilson, John J. Dillon, Herbert Holmes, Amelia G. Cook, Chester Biddle, Custer Baker, J. William Chambers, and Dick Heller, Jr., as members of and constituting the State Commission for the Reorganization of School Corporations, and demurs to Paragraph I of the plaintiffs' complaint herein for the following reasons:

"1. That the Court has no jurisdiction of the subject matter of the action; and

"2. That the complaint does not state facts sufficient to constitute a cause of action.

"WHEREFORE, it is respectfully prayed that this Demurrer be sustained in all things."

"DEMURRER TO PARAGRAPH II OF PLAINTIFFS' COMPLAINT

"Comes now JOHN J. DILLON, as Attorney General of Indiana, by Anthony Champa, Deputy Attorney General of

Indiana, on behalf of the defendants, Bryce Bottom, William E. Wilson, John J. Dillon, Herbert Holmes, Amelia G. Cook, Chester Biddle, Custer Baker, J. William Chambers, and Dick Heller, Jr., as members of and constituting the State Commission for the Reorganization of School Corporations of the State of Indiana, and the State Commission for the Reorganization of School Corporations, and demurs to Paragraph II of the plaintiffs' complaint herein for the following reasons:

"1. That the Court has no jurisdiction of the subject matter of the action; and

"2. That the complaint does not state facts sufficient to constitute a cause of action.

"WHEREFORE, it is respectfully prayed that this Demurrer be sustained in all things."

The posture of this cause serves to present two major legal issues for consideration:

1. Did the trial court have jurisdiction of the subject matter of this action; and,

2. If so, does the complaint, as it stands, allege facts sufficient to constitute a cause of action?

In relation to the first issue as above presented, appellees contend that the exclusive means of contesting the corporate existence under the facts alleged, is by an information in the nature of *quo warranto,* filed by the prosecuting attorney pursuant to Acts of 1881 (Spec. Sess.), ch. 38 (as amended) ; being Burns' Ind. Stats. Ann., § 3-2001, *et seq.*

Appellants do not maintain that the complaint can be sustained as an information upon appellants' own relation as authorized in certain instances under Acts of 1881 (Spec. Sess.), ch. 38, § 815; being Burns' Ind. Stats. Ann., § 3-2002; nor do we feel that the complaint can be so construed.

Instead, appellants assert that standing to bring this action is assured by the language of our Supreme Court in *State ex rel. Jones* v. *Johnson Circuit Court* (1962), 243 Ind. 7, 181 N. E. 2d 857; and further, by virtue of Acts of 1959, ch. 202,

§ 7(2), (as amended); being Burns' Ind. Stats. Ann. § 28-6118.

Appellants rely upon language found at page 12 of *State ex rel. Jones, supra,* where it is stated:

"And although individual citizens have no vested property right in the continuation of a political subdivision of the state in its present form, nevertheless, the individuals so affected may, as a class or on behalf of the state, require that the procedure prescribed for changing such political subdivisions be followed. *Woerner etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34, 36 and cases cited therein."

Burns' Ind. Stats. Ann., § 28-6118, in pertinent part, reads as follows:

"No action to contest the validity of the formation or creation of a community school corporation under the provisions of this subsection (2) of this section 7, to declare that it has not been validly existing, or to enjoin its operation shall be instituted at any time later than the thirtieth day following such election. [Acts 1959, ch. 202, § 7(2), p. 451; 1961, ch. 302, § 1(2), p. 816; 1963, ch. 380, § 1(2), p. 976.]"

As the above statutory provision is framed in the negative, it does not expressly authorize the institution of a suit for declaratory judgment and injunction to test the legal formation of a community school corporation. However, this court and our Supreme Court has, by varying degrees, implicitly recognized the availability of said remedies. *Good et al.* v. *Western Pulaski County School Corp. et al.* (1965), 139 Ind. App. 567, 210 N. E. 2d 100 (Transfer Denied, Oct. 4, 1966, with opinion, at 220 N. E. 2d 274). *Wright et al.* v. *Kinnard* (1969), 144 Ind. App. 286, 245 N. E. 2d 835.

In *Good et al., supra,* a suit was instituted by "representative citizens, voters and taxpayers" to enjoin the assumption of corporate existence by a proposed community school corporation. This court entertained the appeal on its merits and

transfer was denied by the Supreme Court, with opinion: *Good et al.* v. *Western Pulaski County School Corp. et al.* (1966), 247 Ind. 699, 220 N. E. 2d 274.

In the *Wright* case, *supra,* appellants, plaintiffs below, being citizens and taxpayers, initiated a declaratory judgment action to contest the legal existence of a proposed community school corporation. The trial court had sustained a motion to dismiss the complaint. This court reversed stating that the trial court improvidently dismissed the cause as it appeared the complaint could be amended to state a cause of action.

This court in a recent decision involving section 3, Acts of 1959, ch. 367; being Burns' Ind. Stat. Ann., § 28-5948, of The School Consolidation Act, decided an issue in identical posture to the one here posed. *Keller* v. *Reynard et al.* (1967), 140 Ind. App. 468, 223 N. E. 2d 774 (Transfer denied, September 13, 1967).

In the *Keller* case, appellants, who were individuals, brought a suit to contest the legal existence of a proposed school consolidation. The relief therein sought was, as in the immediate cause, declaratory judgment and injunction. This court dismissed the appeal and the action for want of jurisdiction of the subject matter. The basis for the decision in the *Keller* case was that the remedy provided by Burns' § 28-5948 is exclusive in its application. Said section provides as follows:

"Legality of consolidated school corporation—Tested in quo warranto proceedings.—In all instances where attempts are made, or have been made, to consolidate or join together school corporations under the provisions of chapter 123 of the Acts of the Indiana General Assembly of 1947 [§§ 28-5901—28-5913], as the same has been amended, or chapter 226 of the Acts of 1949 [§§ 28-2431—28-2453], as the same has been amended, and where an election on the question of consolidation has been held and the certificate certifying the vote is filed as provided by law or where in the event no election is held the number of days allowed by such statutes for filing a petition for an election has expired, any action hereafter filed to test or question the legality of the

consolidated school corporation shall only be brought in an action of quo warranto in the name of the state of Indiana on information filed by the prosecuting attorney of the county wherein the principal office of such consolidated school corporation is located. [Acts 1959, ch. 367, § 3, p. 988.]"

Judge Cooper, writing for this court, at pages 776 and 777 of 223 N. E. 2d, stated:

"The Appellants contend that the Court below had the inherent right to hear and determine such matter. We cannot agree with the Appellants' contention. Under the Constitution of Indiana our General Assembly has the *sole power* to determine how and by what instrumentalities our common school systems shall be administered and carried into effect. Constitution of Indiana, Art. 8, Sec. 1.

"In the recent case of *Fruit* v. *Metropolitan School District of Winchester* (1961), 241 Ind. 621, 626, 172 N. E. 2d 864, 866, Judge Arterburn, in speaking for our Supreme Court stated in part:

'The legislature may consolidate schools by resolution without notice to the voters and without any referendum or election. It may do so without holding an election and without notice, it certainly may provide for conditions under which the act shall be applicable by ways of elections. *State ex rel. Harris, etc.* v. *Mutschler, et al.,* 1953, 232 Ind. 580, 590, 115 N. E. 2d 206, 210.'

"It would necessarily follow that the legislature could also provide for an exclusive remedy to test the legality of such consolidation."

"It is the general rule of law, that statutory provisions requiring an action to be brought in the name of the State on the relation of an interested party are mandatory and must be followed exclusively. *Board of Public Safety of the City of Muncie, et al.* v. *Walling, et al.* (1933), 206 Ind. 540, 546, 187 N. E. 385; *Jackson, et al.* v. *Rounds, Assignee* (1877), 59 Ind. 116, 119; Lowe's Revision, Works' Indiana Practice, Vol. 1, Sec. 7.45, p. 202. Sutherland's Statutory Construction, Vol. 2, pp. 1048, 1049, Secs. 565, 566, announces the rule as follows:

'A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction, nor be made available or valid

except on the statutory conditions, that is, by strictly following the directions of the act.

'A party seeking the benefits of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment.'

"The complaint in the record now before us affirmatively shows that the proceedings below were not in quo warranto, brought by the Prosecuting Attorney in the name of the State of Indiana as provided by Burns' Indiana Statutes, Sec. 3-2002 et seq., but were in fact, proceedings brought by several individuals in an attempt to test the legality of a school election held under and pursuant to Ch. 226 of the Acts of 1949. It appears that the relief sought was a declaratory judgment and injunctions, both temporary and permanent, notwithstanding the provisions of Burns' Indiana Statutes, Section 28-5948 (1966 Cum. Supp.) which has been in force and effect since March 13, 1959. Section 28-5948 confers jurisdiction of the subject matter in the court below only by way of *quo warranto* proceedings brought by the prosecuting attorney on relation of the State of Indiana."

Unlike Burns' § 28-5948, of the School Consolidation Act (discussed in the *Keller* case), Burns' § 28-6118 of the School Corporation Reorganization Act of 1959, fails to specifically provide an exclusive remedy for testing the legal existence of a "community school corporation." Instead, Burns' § 28-6118, provides in substance, that no suit for declaratory judgment and/or injunction, to contest the formation or creation of a community school corporation, shall be instituted later than the thirtieth day following the election.

Appellants filed this action below on the thirtieth day following the election. The question then arises as to whether it was the intent of the General Assembly to provide the remedies of declaratory judgment and injunction for contesting the creation and formation of a community school corporation, if such remedies are timely pursued (on or before the thirtieth day following the election). Although the statute does not so expressly provide, we feel that such was the intent of the General Assembly.

Sutherland, in his work on statutory construction[1] notes the California decision of:

*Western States Newspapers, Inc.* v. *Gehringer* (1962), 203 Cal. App. 2d 793, 22 Cal. Reptr. 144, wherein the court quoted the following principle of statutory construction:

> "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is signifi-cant to show that a different intention existed."

It is understood that we feel no compulsion to be bound by the California decisions. However, we do feel that the principle of construction enunciated by the California court is well-founded in reason and may be logically applied in this case as an aid in gleaning the legislative intent of *Burns* § 28-6118.

In applying that principle to the case before us, it should be noted: that Burns Ind. Stat. Ann., Sections 28-5948[2] and 28-6118,[3] being Acts of 1959, ch. 367, § 3 and ch. 202, § 7 (2), respectively, were both enacted by the 91st Session of the General Assembly; that many of the provisions of the School Consolidation Act (Burns §§ 28-5901 *et seq.*), are similar to provisions of The School Corporation Reorganization Act of 1959 (Burns §§ 28-6101 *et seq.*) ; and, that the remedy provided for testing the legality of a consolidated school corporation is exclusive (Burns § 28-5948), while the 91st Session of the General Assembly did not prescribe an exclusive remedy for testing the legality of a community school corporation (Burns § 28-6118.)

As the 91st General Assembly was dealing with related matters in considering the enactment of Burns §§ 28-5948

---

[1] Sutherland Statutory Construction (3rd Ed. Horack), Vol. 2, § 5201, 1969 Cumulative Supplement.

[2] Burns' § 28-5948 being the section discussed by this court in *Keller*, *supra*.

[3] Burns' § 28-6118 being the section herein under consideration.

and 28-6118 and could have provided the same exclusive remedy in both and as the General Assembly chose to word the sections differently, it is presumed that they intended to prescribe different remedies.

We therefore conclude that it was the intent of the General Assembly, by the enactment of Acts of 1959, ch. 202, § 7 (2) ; being Burns Ind. Stat. Ann., § 28-6118, to permit the remedies of declaratory judgment and injunction for the purpose of contesting the creation and formation of a community school corporation, if said remedies are pursued within the statutory time limit stated therein. Contrary to appellees' contention, *quo warranto* is not the exclusive remedy under the facts of this cause; and under the rationale of *Keller* v. *Reynard et al., supra,* the trial court had jurisdiction of the subject matter of this cause, as does this court, by virtue of *Burns* § 28-6118.

We next consider the question of whether, as a matter of law, the complaint states facts sufficient to constitute a cause of action. There are a number of propositions advanced by the various appellees in support of the ultimate assertion that the complaint fails for want of facts, but our discussion of those propositions which we feel to be vital, will render the remainder moot.

Appellants' complaint contains the assertion of a number of defects in the procedure followed in the creation of the Lake Central School Corporation. Said defects are alleged to have arisen by virtue of the fact that procedures actually followed did not comport with those prescribed by statute (Burns Ind. Stat. Ann., § 28-6101 *et seq.*). Those defects, which appellants claim, serve to nullify the assumed existence of The Lake Central School Corporation are herein summarized as follows:

1. that the *ex parte* order of the Circuit Court of Lake County purportedly calling a special election failed to contain a finding that the partial plan had been received by the Chairman of the Lake County Committee for the Reorganization of School Corporations;

2. that the *ex parte* order of the Circuit Court failed to designate the "voting place or places at which the election will be held";

3. that instead of holding a special election as ordered by the Judge of the Circuit Court, the Board of Election Commissioners conducted only the general election on November 8, 1966, and submitted the question of the proposed school corporation in the form of a referendum;

4. that the action of the State Commission in purportedly approving the plan was taken in executive session and without notice previously given of the time and place of the session, to those members who were not in attendance;

5. that the plan is in violation of the Constitution of Indiana in that it contains unreasonable and arbitrary restrictions as to age and residency requirements for those serving as trustees of the proposed school corporation; and,

6. that said plan was submitted to the Defendant State Commission for approval more than sixteen (16) months after the date when substantially the same plan had been rejected by the voters.

Assuming as true, for purposes of testing the complaint for want of facts stated, the above alleged facts, we feel as did the trial court that as a matter of law, appellants are not entitled to a trial upon the allegations of their complaint.

The complaint herein reveals that The Lake Central School Corporation purports to assume corporate existence pursuant to adoption, by the voters, of a partial plan on November 8, 1966. Appellants filed this suit to contest the creation of said school corporation on December 8, 1966. It is quite pertinent that those remedies provided by *Burns* § 28-6118, could be used in such a manner as to enforce compliance with the procedural requirements of the School Corporation Reorganization Act of 1959, namely in a suit to prevent or restrain a violation thereof. Appellants here seek to set aside the ultimate result because of alleged defects in the means used to obtain that result. We therefore feel, that it is likewise pertinent to assess appellants' position herein in light of the fact that a majority of the voters expressing a concern (by means

of the ballot), voted in favor of adopting the partial plan and that appellants, apparently in the minority, seek to overturn the will of the majority by virtue of certain defects allegedly occurring in the creation and formation of The Lake Central School Corporation.

Alleged defects numbered 1, 2 and 3 above pertain to the election process and serve to raise the Circuit Court's failure to comply with the provisions of *Burns* § 28-6118. Appellants contend that the provisions of The School Corporation Reorganization Act of 1959, relating to an election upon the partial plan are mandatory and that a failure of compliance therewith, renders the assumed corporate existence invalid. The Supreme Court of Indiana in *State ex rel. Harry* v. *Ice* (1934), 207 Ind. 65, at 71, 191 N. E. 155, at 157, 92 A.L.R. 1508, stated:

> "It is well settled that provisions of the election law viewed as mandatory, if enforcement is sought before election in a direct proceeding, will be held directory only in a proceeding after the election unless an essential element of the election is affected, or there is an express declaration in the statute that the act is essential to a valid election, or that its omission will render the election void. The purpose of the law and the efforts of the court are to secure to the elector an opportunity to freely and fairly cast his ballot, and to uphold the will of the electorate and prevent disfranchisement. In the absence of fraud, actual or suggested, statutes will be liberally construed to accomplish this purpose. *Jones* v. *State, ex rel. Wilson, supra; Blue* v. *Allee* (1916), 184 Ind. 302, 111 N. E. 185."

See also: *Cave* v. *Conrad* (1940), 216 Ind. 304, 24 N. E. 2d 1010; and, *Brown* v. *Grzeskowiak* (1951), 230 Ind. 110, 102 N. E. 2d 372.

Appellants, by a timely petition for a writ of prohibition, could have, before the election, secured compliance by the Circuit Court with the provisions of the statute relating to elections. *State ex rel. Jones* v. *Johnson Circuit Court, supra.*

The complaint herein contains no allegation of fraud nor even language intimating same. As the action was instituted

below, after the election and not in an attempt to compel compliance with the provisions of the statute and as the defects alleged are asserted in retrospect, the same are not grounds for declaring a lack of legal existence.

Alleged defects numbered 4 and 6 above, relate to asserted deviations from statutory authority, by the State Commission and the County Committee. This being a statutory review of administrative proceedings, we are not limited as we would be in the case of a review by right, as defined in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Neither does the scope of our inquiry here, find its limits in The Administrative Adjudication and Court Review Act of Indiana, Ch. 365, Acts of 1947. *LeRoy* v. *State Commission for the Reorganization of School Corporations of Indiana* (1968), 249 Ind. 383, 231 N. E. 2d 212.

Instead, the review provided here, is by statute (Burns § 28-6118), directed to a determination of whether a community school corporation has been validly formed or created. However, in our opinion, said review is subject to dual considerations which compel a liberal application of the statutory provisions pertaining to the procedures to be followed by the State Commission and the County Committee. The first of these considerations, is as stated above, the retrospective nature of this action. The second, is the strong public policy in this State, favoring the establishment of ". . . a general and uniform system of Common Schools . . ." *Constitution of Indiana, Article 8, § 1.* We call attention to the language of our Supreme Court in *Fort Wayne Community Schools* v. *State ex rel. New Haven Public Schools* (1959), 240 Ind. 57, at 65, 66, 159 N. E. 2d 708, at 712, wherein it was stated:

> "It is our duty to construe statutes in the most beneficial way which their language will permit to prevent absurdity, hardship, and injustice, to favor public convenience and to oppose injury to the public interest. And, as we have ob-

served on other occasions, the importance of preventing evil and hardship may properly be a consideration in reaching the proper construction of a statute when the language is ambiguous, uncertain, or doubtful.

"See: *State ex rel.* v. *Ogan* (1902), 159 Ind. 119, 126, 63 N. E. 227; *Hamilton* v. *Huntington* (1944), 223 Ind. 143, 147, 58 N. E. 2d 349, 59 N. E. 2d 122; 2 Horack's Sutherland Statutory Construction (3d Ed.) § 4704.

"It is too apparent for extended discussion to remark that this is particularly true where the hardships and evils of a different construction could readily affect adversely the educational opportunities of children. This is in accordance with the policy of the state to foster and encourage education as enjoined upon the legislature by the Constitution of Indiana and does not unlawfully prejudice the rights of others."

Although it is not here contended the procedural provisions of The School Corporation Reorganization Act of 1959 are "ambiguous, uncertain, or doubtful," we feel that the goals of public policy enunciated in *Fort Wayne Community Schools, supra,* require a liberal reading of same.

It is our opinion that such a position is not contrary to the language of *State ex rel. Jones* v. *Johnson Circuit Court, supra,* wherein it was stated:

. "The establishment of a community school corporation, as here under consideration, being a special statutory proceeding, the procedural requirements prescribed in the act must be strictly followed. The court has no authority to ignore such procedure or adopt a different method of procedure. *State ex rel. M. West Ins. Co.* v. *S. Ct. of Marion Co.* (1952), 231 Ind. 94, 100, 106 N. E. 2d 924, 927; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254, 261 and cases cited therein."

This being a retrospective attack, we feel there is no logical reason for requiring strict compliance with the procedural provisions of the Act relating to the State Commission and the County Committee.

Firstly, in the *Jones* case, the cause before The Indiana Supreme Court was an original action (a petition for a writ

of prohibition). Jurisdiction of the cause was predicated upon Acts of 1955, ch. 253, § 1, p. 647; being Burns Ind. Stat. Ann., § 3-2201 (1961 Supp.). The petition sought to confine the Johnson Circuit Court to its jurisdiction and duties under the provisions of The School Corporation Reorganization Act of 1959; Burns Ind. Stat. Ann., §§ 28-6116, 28-6117 and 28-6118 (1961 Cum. Supp.). Secondly, it was stated by the Supreme Court in the *Jones* case, that the action of the Circuit Court therein, in setting the date of the election upon a plan other than at such a time authorized by statute, was subject to a writ of prohibition, *if timely challenged* (before the election).

Therefore, to the extent the above quoted language in *Jones, supra,* would require strict construction of the procedural requirements set forth in The School Reorganization Act of 1959, relating to the duties of a Circuit Court, *if timely challenged,* said language does not in our opinion require strictness in application here, where actions of the administrative agencies are not timely challenged.

The substance of alleged defect numbered 4 above, is to assert that the State Commission erroneously approved the partial plan in executive session at which, some of the members not in attendance, were not notified of the meeting.

Burns Ind. Stats. Ann., § 28-6115(e), in pertinent portion, provides as follows:

> "After such hearing, the state commission shall within sixty [60] days approve in writing the entire plan, or any parts thereof applying to any proposed community school corporation included therein, found satisfactory and so notify in writing the county committee or county committees concerned."

Under the provisions of Burns § 28-6115(e), the State Commission is required to "approve in writing" the plan (partial plan). The complaint herein does not allege that the "written approval" failed to comply with any statutory condition. Instead, the allegations of the complaint rest upon purportedly

unauthorized procedures followed within the State Commission itself, in that the partial plan was approved at a special "executive session" attended by only a part of the members of said State Commission. It is our opinion that such allegation does not attack the validity of the requisite "written approval." Appellants nowhere claim that each and every member of the State Commission must concur in such written approval nor does Burns § 28-6115(e), or any other controlling provision so require. To the contrary, the general rules of statutory construction being 2 R.S. 1852, ch. 17, § 1, as found in Burns § 1-201, provide, in part, as follows:

> "The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:
>
> *        *        *
>
> "Second. Words importing joint authority to three [3] or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority."

The record nowhere reflects that less than a majority of the members of the State Commission approved of the plan in writing, nor do appellants so contend. To reiterate, the allegations of the complaint, do not as a matter of law, serve to attack the validity of the requisite "written approval."

Alleged defect numbered 6, above, is that the partial plan was submitted to the State Commission for approval more than sixteen (16) months after substantially the same plan had been rejected by the voters.

Appellants maintain that the procedure followed herein, was violative of the provisions of Burns Ind. Stats. Ann. § 28-6119. Said section controls, where a plan for the formation of a community school corporation is rejected by the voters pursuant to an election. The statute provides that in

such instance, the county committee shall proceed in one of the following ways:

"(a) Devise a new plan of reorganization deemed more acceptable to the electors of the territory affected. This new plan shall be submitted to the state commission for its approval within six [6] months from the date of such election subject to the same conditions and requirements as to extensions of time and otherwise, provided in this act [§§ 28-6101—28-6131] for adoption and approval of the rejected plan. *If the new plan is approved by the state commission, the same procedures provided in this act for the creation of a community school corporation shall be followed.* (Emphasis Supplied)

"(b) The county committee may direct the county election board or boards to resubmit the same plan, rejected by the voters, at a special election to be held not later than six [6] months following such prior election on such plan, provided that where a primary or general election for state offices is to be held within six [6] months of such prior election, such special election shall be held in conjunction with such primary or general election. Notice by publication for the holding of such special election shall be given by the judge on request of the county committee, and the election shall be held in the same manner required for the holding of a special election under subsection (2) [§ 28-6118] hereof, and all action by all officials concerned necessary for the conducting of such special election shall be taken as required in such subsection (2) [§ 28-6118]. [Acts 1959, ch. 202, § 7 (3), p. 451; 1961, ch. 302, § 1 (3), p. 816; 1963, ch. 380, § 1 (3), p. 976.]

Appellants contend that instead of following one of the alternative procedures set forth in section 28-6119, the county committee submitted substantially the same plan to the State Commission for its approval. The emphasized portion of Burns § 28-6119 indicates that whether a rejected plan is resubmitted to the voters directly or is revised and sent to the State Commission for approval, the voters are, under either of the alternative procedures, entitled to vote again upon the plan before a community school corporation is formed. As evidenced by the complaint, the second election was held and the plan adopted by the voters at that election.

We see no defect in the procedure followed herein so vital as to negate the corporate existence, especially after the affirmative vote by the electors.

Alleged defect numbered 5, above, submits that the plan is violative of the Constitution of Indiana, in that it contains unreasonable and arbitrary restrictions as to age and residency for those serving as trustees of the proposed school corporation.

The County Committee, by the provisions of Burns Ind. Stat. Ann. § 28-6107, is authorized to embody in a plan for reorganization, such restrictions as are here asserted to be arbitrary and unreasonable. Nevertheless, it is our opinion that no constitutional question is raised by the allegations of the complaint upon which appellants have chosen to stand. In the absence of a declaration that appellants, themselves are among those whose constitutional rights stand to be abridged, no constitutional issue is presented.

Abstract assertions that someone's rights are impaired are not suffcient. *Wagner et al.* v. *The Town of Garrett* (1888), 118 Ind. 114, 20 N. E. 706; *Currier et al.* v. *Elliot* (1895), 141 Ind. 394, 39 N. E. 554; *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469; *Cummins* v. *Pence et al.* (1910), 174 Ind. 115, 91 N. E. 529; and, Generally, 5 I.L.E., Constitutional Law, § 32.

For the foregoing reasons, we conclude that the complaint fails to state a cause of action and that the trial court committed no error in sustaining each of the several demurrers.

Judgment affirmed. Costs v. appellants.

Lowdermilk, P.J., Cooper and Sulivan, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 267.