No. 13,858.

HOWE ET AL. *v.* LEWIS ET AL.

FORMER ADJUDICATION.—*Estoppel.—Contract.*—In a suit to recover the balance of the contract price for a monument, a horse, a buggy, and harness having already been received in part performance of the contract, the defendant alleged the mutual abandonment of the contract, ·the obtaining of the contract by fraud, and that $300 (the horse, etc., being of that value) had been paid thereon. There was a general verdict for the defendant on the issues.

*Held,* that the theory having been adopted by the defendant that the monument was worth less than the contract price, and that by reason of the fraud she was not bound to pay more than the actual value of the monument, which she had already paid, the contract being still treated as binding, the former adjudication constituted an estoppel to an action brought afterwards to recover the value of the horse, harness and buggy.

SAME.— *Questions Settled by.*—Where the issues are so formed that a counter-claim is litigated, the defendant will not be permitted afterwards to sue and recover on the same. All questions within the issues, or necessary to a complete determination of the point presented by the complaint, or necessary to a full adjustment of conflicting interests in the property which is the subject of the controversy, are settled by the judgment.

From the Marion Superior Court.

*E. F. Dickey* and *J. R. Parmelee,* for appellants.

*B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellees.

COFFEY, J.—On the 9th day of February, 1875, Margaret M. Howe and the appellees entered into the following written agreement, to wit:

" This article of agreement, made this the 9th day of February, 1875, by and between the firm of Lewis, Whitehead & Co., marble and granite dealers, Nos. 48 and 50 Kentucky avenue, Indianapolis, Indiana, of the first part, and M. M. Howe, of Indianapolis, county of Marion and State of Indi-

ana, of the second part, witnesseth : That the party of the first part agrees to furnish the said party of the second part one Italian marble monument, of the following dimensions : — feet and — inches high ; — feet and — inches at the base ; the job is finished in the shop of the party of the first part. Said Lewis, Whitehead & Co. agree to engrave on said monument the following inscription, to wit: (to be given one week before said monument is set up.) The said monument is to be delivered at Crown Hill cemetery, county of Marion and State of Indiana, in April or May, 1875, or as soon thereafter as possible, in a good workman-like manner, for which I, M. M. Howe, of the second part, agree to pay to Lewis, Whitehead & Co., of the first part, the sum of five hundred and sixty dollars ($560), they to take horse, harness and buggy, at three hundred dollars ($300), and the balance, two hundred and sixty dollars ($260), on the delivery and completion of said work, 1875, without any relief whatever from valuation or appraisement laws."

The party of the second part, Mrs. Howe, refusing to furnish to the appellees the inscription provided for in said contract, the appellees brought suit against her in the Marion Superior court, to recover the balance of the contract price for the monument, they having received the horse, harness and buggy, averring in their complaint, substantially, that they had prepared the monument as agreed in said contract, and had the same ready for delivery at the place designated, and had, in all things, performed their part of said agreement so far as it was in their power so to do, but that the said Margaret M. Howe had failed and refused to perform her part of said agreement in this : that she refused to furnish the inscription for said monument, though frequently requested so to do, and that she failed and refused to pay the balance due on said monument, to wit: $260, which was due and unpaid.

To this complaint Margaret M. Howe answered :

*First.* By a general denial.

*Second.* That before the commencement of the action the contract set up in the complaint had been abandoned by the mutual consent of both the parties thereto.

*Third.* That the contract in suit was obtained by fraud, as follows, to wit : That at the time of the execution of the contract she was a widow, her husband a short time prior thereto having departed this life ; that she was suffering from sickness, and great mental trouble and sorrow, and was much impaired in body and mind, which was known to the plaintiffs ; that she was illiterate, and had not been in the habit of transacting business ; that she was ignorant of the different kinds and qualities of marble and gravestones, and had no knowledge of their value, all of which the plaintiffs well knew; that knowing the facts, and knowing that she was compelled to, and did, rely upon their statements, they represented and stated to her that the Italian monument mentioned in said contract was the very best Italian marble, and that the same was of the value of $600, which representations were false, as they well knew; that relying on said representations, and believing them to be true, she was induced thereby to enter into said contract and pay $300 thereon ; that said monument was of an inferior grade of Italian marble, and was of little value, to wit: of the value of two hundred dollars; that the plaintiffs still have a portion of said monument, but that they have long since sold the base thereof to third parties ; that said monument was of no greater value than $250.

*Fourth.* That the plaintiffs, by the terms of said contract, were to construct and build a monument for the defendant of certain material and of certain dimensions, not named in said contract, and were to construct and place an urn thereon ; that they have always retained said monument in their possession as their own, and have sold the base thereof as their own, and have the proceeds thereof as their own, and have in no way accounted to the defendant therefor ; that if they have constructed said urn they have never placed the same on said monument ; that defendant never at any time accepted

Howe *et al. v.* Lewis *et al.*

said monument as a compliance with said contract, or in any other manner.

To these affirmative answers the appellees replied by a general denial. A trial of the cause resulted in a finding and judgment against the appellees, in this action, and in favor of Margaret M. Howe. Upon the termination of that suit she demanded of the appellees the horse, harness and buggy, mentioned in said contract, and the appellees refusing to deliver the same up to her, she commenced this action in the Marion Superior Court to recover their value. Pending the suit, Margaret M. Howe died and left the appellants as her only heirs at law. By supplemental complaint they were made parties plaintiff, averring that no letters of administration had been granted, and that the estate of the said Margaret M. Howe was not indebted.

The foregoing facts are fully set forth in a special finding of the court, and upon them the court stated as a conclusion of law that the appellants are estopped from recovering in this action, on account of the former adjudication in said cause, and rendered judgment in favor of the appellees for costs. Upon appeal to the general term, the judgment of the special term was affirmed, and the error assigned here calls in question the correctness of this ruling.

The only question which we deem it necessary to decide, is the question as to whether Margaret M. Howe and those claiming under her are estopped by the record made in the suit brought by the appellees against her, on the contract set out above, from recovering from the appellees the value of the horse, harness and buggy, delivered by her in part performance of the contract. Some other questions are presented by the record, but it is perfectly clear that the controlling question in the cause is the one of estoppel.

That a matter once adjudicated and finally determined by a court of competent jurisdiction is considered at rest, is a rule which prevails in all civilized nations, with very few

exceptions, is not denied.   Without such rule the repose of
society would be materially disturbed, and communities and
courts would be constantly disturbed and harassed by re-
peated contests, in court, over the same subject of litigation.
The difficulty always arises in determining just what has
been litigated and settled and in the application of the rule,
and never exists in ascertaining what the rule is.   The diffi-
culties in applying the rule are largely increased in this State
by reason of the fact that the defendant, under our system
of practice, is permitted to plead, in separate paragraphs, all
the defences he may have whether legal or equitable.   Under
this rule defences are often pleaded which seem to be antag-
onistic to each other.   In such cases where there is a gen-
eral verdict, or a general finding for the defendant followed
by a judgment, the effect of such finding, verdict and judg-
ment is left in some doubt.   What was in issue must always
be determined by the pleadings.   *Sharkey* v. *Evans,* 46 Ind.
472.   Everything which might have been adjudged under
the issues in a cause will be presumed to have been adjudi-
cated.   *Griffin* v. *Wallace,* 66 Ind. 410 ;  *Bottorff* v. *Wise,* 53
Ind. 32 ;  *Goble* v. *Dillon,* 86 Ind. 327.

If a cause of action was involved in a former action, either
as a set-off, counter-claim or defence, it is barred by the judg-
ment.   *Goble* v. *Dillon, supra; Green* v. *Glynn.* 71 Ind. 336.

A party is not bound, when sued, to plead a set-off or
counter-claim, but if the issues are so formed as that a coun-
ter-claim is, in fact, litigated, the defendant will not be per-
mitted afterward to sue and recover on the same.   Such
questions as are within the issues, or such as are necessary
to a complete determination of the point presented by the
complaint, or such as are necessary to a full adjustment of
conflicting interests in the property which is the subject of
controversy, are settled by the judgment.   *Ulrich* v. *Drischell,*
88 Ind. 354.

In the case of appellees here, against Margaret M. Howe,
the third paragraph of the answer was drawn upon the

theory that the monument was worth less than the contract price, and that by reason of the fraud perpetrated upon her by the appellees, she was not bound to pay them more than its actual value; and that the horse, harness and buggy which she had already paid them was not only equal in value but exceeded the amount due them. We must presume that this question was fully litigated in that action. If her heirs are now permitted to recover the value of such horse, harness and buggy, it would be to permit them to receive the benefit of such value twice, once to defeat an action brought by the appellees, and again as a cause of action.

If the third paragraph of the answer was the only one pleaded the case would be free from difficulty, but in addition to that answer, Mrs. Howe also pleaded that the contract for the monument had, by the mutual consent of the parties, been abandoned. It is claimed by the appellants that as this issue was also found in her favor, by the general verdict, the appellees are estopped from denying that the contract had been abandoned, and that, therefore, they are entitled to recover back what had been paid under such contract. If this had been the only answer filed in the cause we think the appellants would be right in their contention; but as we have seen, the third paragraph of the answer treats the contract as still binding on the parties to it, and we are of the opinion that under such circumstances the appellants' position can not be maintained. Suppose that in addition to pleading an abandonment of the contract Mrs. Howe had pleaded in another paragraph that she had been induced to enter into the contract by the fraudulent representations of the appellees, and that upon a controversy arising out of such fraudulent representations they had compromised their dispute and that the appellees agreed to and did accept said horse, harness and buggy in full satisfaction of their claim against her for said monument; after a general verdict in her favor, under such a plea, can it be successfully contended that she could recover from them, in a separate suit, the

value of such horse, buggy and harness? We think she would be estopped from doing so, for if she could there would be nothing settled by the former suit.

We think that by reason of the matters alleged and settled in the third paragraph of the answer of Mrs. Howe, in the suit against her by the appellees in the Marion Superior Court, she was estopped from claiming from them the value of the horse, harness, and buggy, named in the contract in suit, and, as the appellants in this case represent her, they are likewise estopped.

The court did not, in our opinion, err in its conclusion of law upon the facts found.

Judgment affirmed.

Filed Nov. 19, 1889.