WRIGHT ET AL. *v.* KINNARD ET AL.

[No. 1169A220. Filed September 22, 1970. No petition for rehearing filed.]

*Frank E. Spencer, Donald E. Bowen,* of Indianapolis, for appellants.

*David S. Richey, Parr, Richey, Obremskey, Pedersen & Morton,* of counsel, of Lebanon, for appellees.

SHARP, J.—The Plaintiff-Appellants herein originally filed this action in the Boone Circuit Court seeking judicial review and a declaratory judgment that the school reorganization plan for Boone County, Indiana, involving Eagle and Union Townships of that county, was invalid. The Defendants-Appellees filed a Motion to Dismiss and the trial court sustained such motion. However, on appeal the decision of the trial court dismissing the complaint was reversed in *Wright* v. *Kinnard,* 144 Ind. App. 286, 245 N. E. 2d 835 (1969). For a companion case growing from the same controversy, see *Wright* v. *Kinnard,* 144 Ind. App. 286, 302; 245 N. E. 2d 844 (1969).

Upon remand this cause was tried by a Special Judge in the Boone Circuit Court upon the issue presented by Plaintiff-Appellants' Amended Complaint for Declaratory Judgment and Defendant-Appellees' Answer in General Denial. On October 29, 1969, the Boone Circuit Court entered its judgment denying relief to the Plaintiff-Appellants and in favor of the Defendant-Appellees. The sole contention on this appeal is that such judgment is contrary to law.

Involved herein as presented by a complicated factual situation is one major issue. The relevant facts must be clearly understood prior to a discussion of that issue.

The Boone County Committee for the Reorganization of School Corporations has for many years been attempting to form a new reorganized school corporation by combining Eagle School Township and Union School Township into Eagle-Union School Corporation. The record before us discloses that approval of plans for such a corporation was gained from the State Commission for the Reorganization of School Corporations in July of 1964. However, in September of 1964, the State Commission reversed itself and disapproved the formation of the Eagle-Union Community School Corpora-

tion on specific written grounds. On November 2, 1965, substantially the same plan which was disapproved by the State Commission in September of 1964, was again accepted by the State Commission. This acceptance was immediately tested by a lawsuit filed in the Boone Circuit Court and, after a change of venue to the Clinton Circuit Court, tried by Judge Everett Lucas of the latter court. Judge Lucas found the State Commission had no jurisdiction to approve the same or similar plan it had earlier disapproved, as such action was an arbitrary and capricious administrative action outside the scope of authority granted to the State Commission. The judgment in that case was not appealed; because of Plaintiff-Appellants' contentions herein, we are compelled to set forth the judgment in the Clinton Circuit Court case:

"The above causes were submitted for trial without the intervention of a jury, evidence was heard upon the issues raised upon Plaintiffs' Verified Petition for Judicial Review as amended and the filing of transcript by the Defendant State Commission for the Reorganization of School Corporations, and the matter as to the issues raised under Plaintiffs' Petition for Judicial Review, the same being Cause No. 19349, was taken under advisement, and the portion of the consolidated Cause No. 19350, was continued under the rulings heretofore made in such consolidated causes:

"And the Court being duly advised now finds the order, decision, and determination of the State Commission for the Reorganization of School Corporations was contrary to any statutory authority given to the State Commission under Section 28-6115(3) in that the final comprehensive plan as is required by the provisions of said aforementioned statute within ninety (90) days after notification of previous non-approval; and that said State Commission did not make an informal findings of fact *nor were the alleged changes in the 'Revised' Final Plan of August 11, 1965, of sufficient probative value to be a basis in law to refute a contention that the new approval was an arbitrary and capricious abuse of discretion*; and that by reason of the fact that upon the record shown by the transcript of the proceedings by the County Committee that the State Commission was without jurisdiction to approve such final comprehensive plan since such transcript shows that the

County Committee failed to follow the procedures required by law in the adoption of such final comprehensive plan providing for the merger of Eagle and Union Townships. "It is therefore considered, ordered and adjudged that the order, determination and decision of the State Commission for Reorganization purportedly approving the part of the Revised Comprehensive Plan for the Reorganization of School of Boone County Committee for the Reorganization of School Corporations is hereby set aside;

"Judgment for plaintiffs, and that defendants pay the costs of this action.

"Entered as Amended by the Court, April 14, 1966." (Emphasis supplied).

The statutory power and duties of the State Commission for the Reorganization of School Corporations are defined as relevant to this cause in Acts of 1959, ch. 202, § 6(3), p. 451, as amended, the same being Burns' Ind. Stat. Ann. § 28-6115(e), which reads as follows:

"(e) The state commission shall, within ninety (90) days after receipt of a reorganizational plan, hold a public hearing in the county to which such reorganizational plan mainly appertains at which residents of the county or of any school corporation affected in an adjacent county or any other interested party shall be afforded an opportunity to appear before the state commission and be heard with reference to such reorganization plan. The state commission shall not be required to hold a public hearing on any plan which in its judgment does not meet the minimum standrads fixed by the state commission or the other requirements of the act, unless the state commission prior to that time has given a written order to the county commission stating that for a specified geographical area, the meeting of such minimum standards would not be feasible. Whereupon the county committee shall make necessary amendments without the requirement of further public hearings by the county committee.

"After such hearing, the state commission shall within sixty (60) days approve in writing the entire plan, or any parts thereof applying to any proposed community school corporation included therein, found satisfactory and so notify in writing the county committee or county committees concerned.

"One (1) copy of the reorganization plan as so approved by the state commission, shall be returned to the county committee, together with all pertinent material submitted to the state commission by the county committee; the second copy of the reorganization plan as so approved shall be filed with the state commission as a permanent record; the third copy of the reorganization plan as so approved shall be filed with the recorder of the county from which such plan was submitted, to be filed as a permanent record in such county.

"If such reorganization or plan or part thereof submitted by any county committee is found by the state commission to be unsatisfactory, the state commission shall so notify in writing the county committee concerned within sixty (60) days after the date of the public hearing, stating the reasons for nonapproval and, upon request of the county committee, the state commission shall assist said county committee in revising the plan so as to make it satisfactory. Such revised plan shall be resubmitted to the state commission by the county committee within ninety (90) days after notification of nonapproval."

Appellants contend the decision of Judge Lucas is res adjudicata as to the plan being considered herein and which was approved by the State Commission on April 11, 1967, in that it had already been adjudged that the State Commission was without authority and jurisdiction to consider that plan. Appellants say, then, that the plan approved April 11, 1967, is the same plan rejected by Judge Lucas in the Clinton Circuit Court case OR that it is a revision of that plan which is not sufficient to make it a legally new plan.

The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits. See *American National Bank and Trust Co.* v. *Hines,* 143 Ind. App. 217, 239 N. E. 2d 589, 592 (1968) quoting *Johnson et al.* v. *Knudson-Mercer Com-*

*pany,* 167 Ind. 429, 79 N. E. 367 (1906). It is of great significance to this cause that we extensively examine the plans and the circumstances surrounding the proposed Eagle- Union School Corporation at the time Judge Lucas' decision was made and then later when the plan approved by the State Commission on April 11, 1967, was introduced and tested below. The question is whether or not the April 11, 1967, plan is similar enough to the old plans, or a revision of them, so as to have identical issues, or issues which might have been raised which are identical. Within the context of res adjudicata, the rule we apply is aptly stated by I.L.E., *Judgments* § 352, p. 394:

> "The estoppel of a judgment extends only to the facts and conditions as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts or conditions intervene before a second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and hence the former judgment cannot be pleaded in bar to the subsequent action."

The record reveals that at the time Judge Lucas' decision was rendered the Lebanon Metropolitan School District had yet to form the Lebanon Community School Corporation. There was the very real availability of Eagle or Union or both townships joining with adjacent Lebanon schools in some way, or with some other contiguous school corporation. By the time the present plan herein under consideration was introduced and adopted, these alternative avenues were closed. This change in circumstances as to available geographic alternatives precludes application of the doctrine of res adjudicata to the judgment below.

The above conclusion deserves a fuller explanation. The Acts of 1959, ch. 202, § 5(8), p. 451, as amended and found as Burns' Ind. Stat. Ann. 28-6111 (1948 Repl.) contain the contents required of comprehensive plans such as the Eagle-Union plan at issue. That statute reads as follows:

"Any preliminary or final comprehensive plan of reorganization, adopted by the county committee before or after the date of this amendatory act [March 15, 1963], shall be sufficient as to form if it contains within its own terms or by reference the following for each proposed community school corporation:

(a) The name of the proposed community school corporation;

(b) A general description of the boundaries of the community school corporation as provided in subsection (4) [Burns § 28-6107];

(c) The number on the board of school trustees; and whether they shall be elected or appointed;

(d) The manner in which the board of school trustees, other than the interim board, is to be elected, or appointed;

(e) The disposition of assets and liabilities of any existing school corporation in instances where such school corporation is divided; and after the date of this amendatory act, if there is submitted or adopted with it the statement required by subsection (4) [Burns' 28-6107] hereof."

We note that of the five requirements, subsection (a) requires only the name of the new corporation, and subsection (e), dealing with assets of divided previously existing corporations, is not relevant to the present dispute. Thus, there are effectively only three requirements of substantive significance in this comprehensive plan.

The differences and similarities between the plan negated by Judge Lucas' decision and the April 11, 1967, plan must be contained in these three requirements and the background in which they appear. It is true that the April 11, 1967, plan and the November 2, 1965, plan contain the exact same geographical boundaries: Eagle and Union townships. Judge Lucas found that the November 2, 1965, plan was merely a revision of the plan which had been turned down by the State Commission in September of 1964, and was therefore inappropriately approved because revisions of plan must be submitted within 90 days of disapproval. Burns' Ind. Ann.

Stat. § 28-6115(e), supra. Presumably res adjudicata would apply if the April 11, 1967, plan were the same as, or a revision of, either previous plan, and the surrounding facts were not changed.

The April 11, 1967, plan has members of the school board elected by staggered terms, whereas the November 2, 1965, plan did not. A serious problem of a wholly new and inexpert board of school trustees taking office simultaneously was avoided. This difference in one of the three major requirements is important, but we do not wholly base our decision upon it. Rather, this difference, which is really only the solving of a practical problem, shows how the guidelines of the statute are practically worthless in deciding what is a new plan or a revised plan. In this case the geographic areas of the plans are identical, yet clearly the plan approved April 11, 1967 is legally a NEW PLAN and not a revision of an older rejected plan.

We base this decision on two major propositions; the factual background against which the April 11, 1967, plan was presented was completely different than earlier. The completion of the Lebanon Community School Corporation from the previous Lebanon Metropolitan School District closed a real and viable alternative to the Appellees County Committee. This change and the staggering of school board terms will alone justify the conclusion. In addition, in the absence of clear statutory guidelines on what is new and what is revised, we consider important that the County Committee developed new preliminary plans, held hearings, and cooperated with the State Commission on its new hearings. The full procedure which afforded Appellants ample opportunity to participate and persuade was completed.

The April 11, 1967, plan being a new plan, with issues and variables that were not in existence and could not have arisen in the decision of Judge Lucas, res adjudicata is not applicable.

Appellants further complain that printed copies of the Pre-

liminary Plans [of the April 11, 1967 plan] were not available to the public ten full days prior to the hearing held by the County Committee. We have been shown no statute which requires such Preliminary Plans be printed and available ten full days prior to the hearing; it is *notice of the hearing* which must be given at least ten days prior. At least one witness, Paul Swank, testified that such plans were available nine days before the hearing. Appellants have made no showing of substantial or irreparable harm, or, indeed, more than minor inconvenience. It is obvious that nothing unfair occured, nor were Appellants denied due process of law.

Finding no error, the judgment below is affirmed.

Affirmed.

Hoffman, P.J., concurs.

Pfaff, J., dissents with opinion.

White, J., not participating.

### DISSENTING OPINION

PFAFF, J.—I find that I am unable to concur in the majority opinion.

This is an appeal from a judgment in a class action filed by certain taxpayers for and on behalf of themselves individually and all other taxpayers of Union School Township, Boone County, Indiana, similarly situated, and the Township Trustee of Union Township against the Boone County Committee for the Reorganization of School Corporations, and the members thereof, and the certain individuals who were made defendants who claimed to be elected members of the Board of Trustees of the proposed Eagle-Union Community School Corporation.

The plaintiffs challenged the actions and procedures of the Boone County Committee for the Reorganization of School Corporations and the State Commission for the Reorganization of School Corporations in approving the comprehensive plan calling for the reorganization of the school corporations

in Eagle and Union Townships of Boone County, Indiana, into a community school corporation known as Eagle-Union Community School Corporation.

This is the second appeal in this cause of action. The action originally was between the same individual parties and the same township trustee of Union Township and the same parties defendant, Boone County Committee for the Reorganization of School Corporations and the State Commission for the Reorganization of School Corporations. The first appeal was taken from a judgment of dismissal of the action by the lower court. In the prior action on appeal, this court reversed the judgment with instructions to overrule appellees-defendants' motion to dismiss. See *Wright* v. *Kinnard* (1969), 144 Ind. App. 286, 302; 245 N. E. 2d 835, 17 Ind. Dec. 82.

Following the foregoing judgment and certification of such judgment of the Appellate Court in the reversal of the first appeal in this same cause of action, the plaintiffs filed an amended complaint for declaratory judgment against the same defendants.

The amended complaint was substantially and essentially the same as the complaint in the original hearing and judgment of dismissal of this case, with additional defendants consisting of persons claiming to be the new Board of Trustees of the proposed Eagle-Union Community School Corporation. The defendants filed a denial to the allegations of the plaintiffs' complaint and prayed that plaintiffs take nothing by way of their amended complaint, and for costs of the action.

Trial was had on the issues formed by the amended complaint of plaintiffs and the defendants' answer thereto. Evidence was heard and the Court rendered judgment thereon on October 29, 1969, with a finding and judgment for the defendants, and that the decision by the Honorable Everett N. Lucas, Judge of the Clinton Circuit Court in consolidated causes No. 19349 and No. 19350, entered on April 14, 1966, was not *res judicata* as to the formation of the Eagle-Union

Community School Corporation and that the Eagle-Union Community School Corporation was validly in existence.

Appellants filed their praecipe and assignment of errors herein that the court erred in entering a mixed finding of fact and conclusion of law that the plan in question was made, adopted, held and consumated in full compliance as to form, substance and procedure under the school corporation reorganization act, and that the decision by Judge Lucas of the Clinton Circuit Court was not *res judicata* as to the formation of the Eagle-Union Community School Corporation as to the plan in question approved by the State Commission on April 11, 1967; that the plan subject to Judge Lucas' decision was not the same plan as to numerous material and substantial provisions approved by the State Commission on April 11, 1967; that the decision of the court was not sustained by sufficient evidence and was contrary to law as to the illegal formation of said Eagle-Union Community School Corporation, and as to the decision of the court that the Eagle-Union Community School Corporation was validly in existence was not sustained by sufficient evidence and was contrary to law; and the court erred in its conclusion of law that the law is with the defendants-appellees and against the plaintiffs-appellants on each of the material allegations of the plaintiffs-appellants' amended complaint; and the court erred in its conclusion of law that the Eagle-Union Community School Corporation was validly in existence.

The record of the procedures to bring about the merger of Eagle and Union Townships into a community school corporation, which is a part of the record of this case, shows that in July 1964 the State Commission for the Reorganization of School Corporations first approved the proposed merger of Eagle and Union Townships into the Eagle-Union Community School Corporation. Thereafter, in September 1964 the State Commission disapproved the formation of the Eagle-Union School Corporation on the specific written ground

that such proposed school reorganization would not give the pupils in those two proposed school corporations of Eagle and Union Townships equal educational opportunity nor provide equalization of the tax support thereof. On November 2, 1965, the same merger plan for such school corporations was approved without any supporting reasons or finding of fact. An action was originally filed in the Boone Circuit Court, was later venued to the Clinton Circuit Court and tried by Judge Everett Lucas of that court. Judge Lucas found that this subsequent approval of the State Commission for the Reorganization of School Corporations of such Eagle-Union Community School Corporation was contrary to any statutory authority given to the State Commission under Acts 1959, ch. 202, § 6 (3), p. 451; 1963, ch. 377, § 1 (3), p. 968, Burns' Ind. Stat. Anno., § 28-6115 (e), 1968 Cum. Supp.

The Legislature has set out very clearly the procedure which must be followed as to the reorganization of school corporations in Indiana, and has placed definite limitations on that procedure. The courts, in determining the legality of the formation of corporations under this act, have adopted a rule of strict construction as set forth as the law of this case in the original appeal and reversal of this cause of action, *Wright* v. *Kinnard, supra,* and they have adopted a rule of strict construction which has been uniformly applied to any special statutory proceeding. In *State ex rel. Jones* v. *Johnson Circuit Court* (1962), 243 Ind. 7, 12, 181 N. E. 2d 857, 860, our Supreme Court, speaking through Judge Achor, stated:

> "And although individual citizens have no vested property right in the continuation of a political subdivision of the state in its present form, nevertheless, the individuals so affected may, as a class or on behalf of the state, require that the procedure prescribed for changing such political subdivisions be followed. *Woerner* v. *City of Indianapolis* (Ind. 1961), 177 N. E. 2d 34, 36, and cases cited therein.
>
> "The establishment of a community school corporation, as here under consideration, being a special statutory

proceeding, the procedural requirements prescribed in the act must be strictly followed. The court has no authority to ignore such procedure or adopt a different method of procedure. *State ex rel. M. West Ins. Co.* v. *S. Ct. of Marion Co.* (1952), 231 Ind. 94, 100, 106 N. E. 2d 924, 927; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254, 261 and cases cited therein."

The statute, § 28-6115(e), *supra,* very definitely asserts a limitation in the case of a disapproval of a plan for school reorganization by the State Commission. This statute requires that in the case of disapproval of a plan for school reorganization by the State Commission a revised plan must be submitted to the State Commission within ninety days after such disapproval.

Another limitation the Legislature has placed upon the submission a second time of the same plan, is that in the case where the plan has been rejected by the voters, which is not the situation in the case at bar, the time in which the same plan can be submitted to the electorate is limited to six months. Acts 1959, ch. 202, § 7(3), at last amended by Acts 1963, ch. 380, § 1(3), p. 976, Burns' Ind. Stat. Anno., § 28-6119(b), 1968 Cum. Supp.

The two statutes taken together show the intention of the Legislature to prevent successive attempts to have the same plan adopted again or any number of times after it has been once rejected by the State Commission.

The principal question which we are presented by this appeal is whether the plan calling for the merger of Eagle and Union Townships into the Eagle-Union Community School Corporation was the same plan as the one which was held illegal by the Clinton Circuit Court by reason of statutory lack of authority and jurisdiction for the County Committee and the State Commission to present the same plan as the one which was disapproved by the State Commission.

Counsel for appellees, defendants below, contend that the judgment of the Clinton Circuit Court is not *res judicata* be-

cause there are some other different procedures questioned in the Clinton Circuit Court case; however, the decision of that court is clear and definite as to the lack of jurisdiction to submit and approve anything but a *revised* plan. The interpretation of the statute by the Clinton Circuit Court decision between the same parties was not appealed from.

In both the original complaint and amended complaint, regarding which the judgment of dismissal of the same was reversed by this Court, the principal contention by the plaintiffs-appellants was that the judgment rendered between the same parties in the Clinton Circuit Court in consolidated causes No. 19349 and No. 19350, which was unappealed from, was a valid, binding, and final judgment against the defendants herein and therefore was *res judicata* as to the question of the legality of the formation of the proposed Eagle-Union School Corporation.

One of the questions which the court below was called upon to determine was whether the plan calling for the merger of Eagle and Union Townships into the Eagle-Union Community School Corporation was the same plan as that which was held illegal in the judgment in the Clinton Circuit Court, and whether there was evidence of probative value which supports a conclusion that the plan were not identical and therefore the judgment of the Clinton Circuit Court was not *res judicata.*

The trial court in the instant case was presented with evidence showing the full context of the plans for the reorganization and merger of Eagle and Union Townships into the Eagle-Union Community School Corporation. The content of these various plans is in writing. Upon examination of the two plans, approved on November 2, 1965, and which was later ruled invalid by the Clinton Circuit Court, and the plan adopted on April 11, 1967, which is the subject of this litigation, it clearly appears that both of these plans provided by their express wording for the joining together

of Eagle and Union Townships of Boone County, Indiana, into a community school corporation, with the same provisions in both plans as finally approved by the State Commission as to geographic boundaries and the same provisions as to the permanent governing board of trustees of the Eagle-Union Community School Corporation. This governing board of the proposed school corporation under both plans provided for school trustees from two districts, two each from Eagle and Union Townships, and a fifth member to be elected at large by the voters of Eagle and Union Townships.

The important question to be considered in determination of this case on appeal, is as to the power and jurisdiction of authority of the County Committee and the State Commission for Reorganization of School Corporations, and the question of the power of the Boone County Committee and the State Commission to submit and approve the plan at issue in this cause for the merger of Eagle and Union Townships into a community school corporation.

The first case decided under the school reorganization law after the same was adopted was *State ex rel. Jones* v. *Johnson Circuit Court, supra,* wherein the Supreme Court held that individuals may as a class or on behalf of the state require that the procedure prescribed for the changing of political subdivisions be followed, citing *Woerner, etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34. This case was followed by the decision of this court in *Good* v. *Western Pulaski County Sch. Corp.* (1966), 139 Ind. App. 567, 210 N. E. 2d 100, 247 Ind. 699, 220 N. E. 2d 274 (transfer denied), which quoted and cited the rule in *State ex rel. Jones* v. *Johnson Circuit Court, supra.* This is clearly the law in this case by reason of the cases set forth, as well as the original opinion in this case. *Wright* v. *Kinnard, supra.*

Under Judge Lucas' decision, and the rule adopted in *State ex rel. Jones* v. *Johnson Circuit Court, supra,* and in *Good*

v. *Western Pulaski County Sch. Corp., supra,* the procedures outlined in the statute have to be strictly followed, and in considering such procedures there is no provision by the school reorganization statute which gives the County Committee the power to resubmit a second time, or the State Commission for the Reorganization of School Corporations the power to approve the same plan a second time which has been found unsatisfactory by the State Commission, and in case a plan has been rejected by the voters, it can only be submitted again if done within six months of the election.

Under the well-established rules with reference to the establishment of a community school corporation, *State ex rel. Jones* v. *Johnson Circuit Ct., supra,* and *Good* v. *Western Pulaski County Sch. Corp., supra,* there is no power in the County Committee to submit a plan which has been disapproved by the State Commission, except under the provisions set forth in the statute and within ninety days from such disapproval, as decided by Judge Lucas.

It is to be noted that the statute, § 28-6119(b), *supra,* refers to a plan which has been approved by the County Committee and State Commission but rejected by the voters, which is not the situation which is involved in this case and in Judge Lucas' decision. Considering the intention of the Legislature in limiting the time to six months within which a duly approved plan may be resubmitted to the voters, the Legislature has placed a limitation which is similar to the ninety-day limitation within which a County Committee has to present its revised plan for consideration of the State Commission after its rejection and disapproval by the State Commission.

Appellees have cited and rely on the case of *Phillips* v. *Stern* (1969), 145 Ind. App. 628, 252 N. E. 2d 267. In that case this court approved resubmission of the same plan to the voters after rejection by the voters the first time. In the instant case, the rejection of the plan, as heretofore noted

by this court in the prior opinion herein, *Wright* v. *Kinnard,* *supra,* had been by the State Commission itself, with a subsequent attempt on the part of the State Commission to approve the same rejected plan rather than a revised plan, and the decision and judgment of the Clinton Circuit Court that the same plan could not be lawfully approved is *res judicata* between these parties. There was no such prior judicial determination between the parties in the *Phillips* case, *supra,* which therefore could not be considered applicable herein since the ruling of this court in that case in respect to overlooking failure of the State Commission to strictly follow the statute was in specific terms based upon the ground that the action in that case had not been filed until after the election, pointing out that strict compliance is the rule in respect to actions filed before the election. This case, questioning the legality of the formation of the Eagle-Union Community School Corporation, was filed prior to the election on the question of its formation and within the time provided by statute, Burns' Ind. Stat. Anno., § 28-6118, 1968 Cum. Supp., which reads in part as follows:

> ". . . No action to contest the validity of the formation or creation of a community school corporation under the provisions of this subsection (2) of this section 7, to declare that it has not been validly formed or created or is not validly existing, or to enjoin its operation shall be instituted at any time later than the thirtieth day following such election. (Acts 1959, ch. 202, § 7(2), p. 451; 1961, ch. 302, §1(2), p. 816; 1963, ch. 380, § 1(2), p. 976.)"
> I am of the opinion that the action by the plaintiffs-appellants was timely filed.

In the instant case we have the same identical mixed question of law and fact as to whether the plan for reorganization of Eagle and Union Townships into the Eagle-Union Community School Corporation was identical to the plan that was disapproved by the State Commission in the first instance. This same question between the same parties on the mixed question of law and fact, as to whether after

a plan is disapproved by the State Commission the same plan can be resubmitted again without revision, was determined adversely by the judgment of the Clinton Circuit Court, and decided in the affirmative by the judgment in the Boone Circuit Court in the instant case, which first case is asserted by the appellants as *res judicata* on this mixed question of law and fact.

As stated in many decisions, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts and issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. 46 Am. Jur. 2d, *Judgments,* § 394, at 558-559.

The evidence in this cause as to the identity and contents of the various plans shows that the various plans submitted, and in litigation bearing exclusively upon the formation of the proposed Eagle-Union Community School Corporation, were identical as to geographical area and as to the representation made to the Board of Trustees. There were no different facts or evidence presented as to any revised plan. The evidence was documentary, and the rule in such cases is that this court can judge its probative force and effect as well as the trial court could. *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262, 271, 74 N. E. 1091. As in the case at bar, where the evidence concerning the plans is documentary and the plans are in the record, they will be considered by this court rather than the usual presumption in favor of the conclusion in respect thereto by the trial court. *Howell* v. *Blackburn* (1956), 236 Ind. 242, 248, 139 N. E. 2d 905; *Lumm* v. *Simpson* (1935), 207 Ind. 680, 684, 194 N. E. 341.

The plans in evidence are undisputed, and in order to determine whether there is substantial evidence to sustain the decision of the trial court, we must consider that un-

disputed evidence. *Irons* v. *Irons* (1962), 242 Ind. 504, 510, 178 N. E. 2d 156, 180 N. E. 2d 105. See also *Lewis* v. *Burke* (1967), 248 Ind. 297, 300, 226 N. E. 2d 332. In *Lewis* the Supreme Court of Indiana, in reversing the trial court in respect to the effect of a letter which was in evidence, setting aside the prior affirming opinion of the Appellate Court, did not mention the above rule of law concerning documents, but did not hesitate to set forth and construe the document and its legal effect contrary to the decision of the trial court.

The judgment of the Clinton Circuit Court, a mixed judgment of law and fact, determined that following the disapproval of such a plan by the State Commission, it was improper for the same plan to be approved or proposed after ninety days from its rejection and disapproval by the State Commission. The appellees herein did not appeal from the judgment of the Clinton Circuit Court and the appellants, under the doctrine of *res judicata*, were entitled to the conclusiveness of their judgment as to this question of law and fact as previously determined by the Clinton Circuit Court.

It is true that the County Committee attempted to make changes later in the plan which was disapproved by the decision of the Clinton Circuit Court, but the record here shows that the State Commission did not approve the changes and required amendments to be made to the plan, when finally adopted and recorded, identical with the prior plan involved in the adjudication of the Clinton Circuit Court, including the proposed geographical boundaries and the provision for the permanent Board of Trustees.

The assignment of errors also questions the decision and judgment of the trial court that the procedures followed by the County Committee and the State Commission in regard thereto were valid, proper and legal.

Among the procedures questioned by plaintiffs-appellants' amended complaint in this cause relate to the failure of the County Committee to make the preliminary written plan for

reorganization available in compliance with the provisions of Acts 1959, ch. 202, § 5(5), p. 451, as last amended by Acts 1963, ch. 381, § 1(5), p. 982, Burns' Ind. Stat. Anno., § 28-6108, 1968 Cum. Supp. This statute provides in part as follows:

> "When any county committee has prepared its preliminary written plans for reorganization of school corporations, it shall fix dates and places for one (1) or more hearings thereon and give notice thereof to all the residents of the school corporations affected and all interested parties. The county committee shall have the discretion as to whether to hold more than one (1) hearing. Such notice shall be given by the chairman of the county committee by publication at least once in one (1) newspaper of general circulation published in the school corporation or corporations, and if no newspaper is published in the school corporation or corporations, then in a newspaper having a general circulation within the school corporation or corporations, at least ten (10) days but not more than thirty (30) days prior to the date set for such hearing."

While the statute does not contain the words "that such written plans after they are adopted shall be made available to the public", it might be so construed, in that the statute requires such plans to be in writing and provides for public notice thereafter for a period of ten days.

The evidence is undisputed from the testimony of School Superintendent Paul Swank that the written plans were not available to the public until nine days before the ten-day period of the published notice of hearing on such plans, and other witnesses testified that it was a shorter period of time than nine days when such written plans were available to the public. I do not deem it necessary to discuss this question by reason of the result which I would reach herein.

For the reasons given, the judgment of the lower court should be reversed.

NOTE.—Reported in 262 N. E. 2d 196.