BETTY LANGELLO AND DOMINIC LANGELLO *v.* PATRICIA J. COLYER AND BILLY J. COLYER.

[No. 3-273 A 21. Filed May 23, 1973.]

*Frank J. Galvin, Jr.,* of Hammond, for appellants.

*J. Michael Katz,* of Gary, for appellees.

HOFFMAN, C.J.—This is an appeal from the dismissal of plaintiffs-appellants' complaint for possession of certain real estate and affidavit for immediate possession.

Appellees have not favored this court with a brief. However, it is incumbent upon appellants to demonstrate reversible error. Appellants have the burden of overcoming the presumption that the trial court's actions are correct.

On June 25, 1971, two documents were executed by the parties concerning the rental of a house. These documents were entitled, "Application for Rental" and "Special Provisions." A dispute arose over whether the documents created a month to month tenancy or a lease for a period of two years with an option to renew for a third year. On November 8, 1972, appellants Betty Langello and Dominic Langello (Langello) filed a "Complaint for Declaratory Relief" requesting the trial court to construe such documents. The trial court, on December 8, 1972, in its findings of fact found, "[t]hat said documents constitutes the only written documents evidencing any agreement between the parties" and that appellees Patricia J. Colyer and Billy J. Colyer (Colyers) have a two-year tenancy with an option to renew for a third year.

The "Application for Rental" provided,

"DAMAGE ESCROW: PAYABLE IN ADVANCE: $200.00 PER MONTH refundable upon termination of agreement, * * *."

On December 9, 1972, appellants (Langello), through their attorney, made a demand upon appellees-Colyers to bring their arrearage in the damage escrow payments up to date in the amount of $3,600. Appellees refused and failed to bring such arrearage current.

The following filings and orders were then made:

| | |
|---|---|
| December 14, 1972 | Appellants filed complaint for possession and affidavit for immediate possession. |
| December 18, 1972 | Appellees filed petition to set aside court order of December 14, 1972. |
| December 18, 1972 | Order entered by trial court finding that no order determining bond should be entered without a prior hearing upon adequate and reasonable notice and setting aside its order of December 14, 1972, and setting hearing on such matter for January 8, 1973. |
| December 20, 1972 | Appellants filed verified motion to strike and expunge order of December 18, 1972. Court overrules such motion and matter set for hearing on January 4, 1973. |

December 21, 1972 — Appellants filed motion to set possession bond.

January 2, 1973 — Appellees filed answer to complaint and motion to dismiss based upon the declaratory judgment as *res judicata*.
Hearing on motion to dismiss merged in hearing scheduled for January 4, 1973.

January 4, 1973 — Order entered by trial court continuing hearing to January 5, 1973.

January 5, 1973 — Appellants filed reply to appellees' answer and response to motion to dismiss.
Appellees amend answer by interlineation.
Cause submitted to trial court on appellants' motion to set possession bond; appellees' answer, as amended; and appellees' motion to dismiss.
Evidence heard.
After appellants rested appellants moved that bond be set for immediate possession.
Ruling deferred by trial court.
Further evidence heard.
Trial court denies motion to set possession bond.
Trial court entered judgment for appellees and against appellants and motion to dismiss filed by appellees sustained.

The first question presented for our consideration is whether the action of the trial court was proper in sustaining appellees' motion to dismiss.

The motion to dismiss was founded upon the prior declaratory judgment action as *res judicata*. The question of whether the declaratory judgment action was proper is not before us. That judgment stands unimpeached and final. Both parties rely on that judgment as to the existence and terms of the lease.

The Declaratory Judgment Act provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *." IC 1971, 34-4-10-1, Ind. Ann. Stat. § 3-1101 (Burns 1968).

"A contract may be construed either before or after there has been a breach thereof." IC 1971, 34-4-10-3, Ind. Ann. Stat. § 3-1103 (Burns 1968).

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. * * *." IC 1971, 34-4-10-8, Ind. Ann. Stat. § 3-1108 (Burns 1968).

This Act has been interpreted by our Supreme Court. In *Brindley* v. *Meara* (1935), 209 Ind. 144, at 155-156, 198 N.E. 301, at 306, 101 A. L. R. 682, the court stated:

"It cannot be doubted that an action for a breach of a contract, all or part of which has been the subject of a declaratory judgment, may be maintained under our regular and established procedure in the same manner that an action could be maintained if it had not been the subject of a declaratory judgment. If section 8 of the Declaratory Judgment Law is interpreted as providing a new and additional remedy by which an executory judgment may be had upon a contract which was previously the subject of a declaration, a new procedure has been established applying to that particular class of cases by which an executory or coercive judgment may be had. The section, then, is broader than the title of the act, which deals with 'declaratory judgments and decrees' only. It is inconsistent with the purpose of the act as expressed in the act itself and as disclosed by all of the other provisions of the act heretofore discussed. The creation of an additional remedy in that class of cases could not be said to be remedial, since it does not supply a deficiency nor abridge a superfluity in the law as it was. Viewed in the light of our long-established Practice Code and our traditional practice methods, the procedure referred to in section 8 more nearly conforms to that which we have adopted with respect to interlocutory or supplemental orders than to actions in which for the first time executory or coercive relief is demanded. The language of the section cannot be ignored. Something was intended by it. It would seem, however, that it can be most logically interpreted as referring to additional declaratory relief. Such an interpretation conforms to the purpose of the entire act and is within the scope of the title, and it must be so interpreted."

A declaratory judgment does not involve executory or coercive relief. *Brindley* v. *Meara, supra.*

The basic elements of *res judicata* are set out in *Wright* v. *Kinnard* (1970), 147 Ind. App. 484, 262 N.E.2d 196, 199-200, 22 Ind. Dec. 650.

One of such elements is identity of issues. The issue in the declaratory judgment was whether a lease was in existence and the terms of such lease. Whether there was a breach of said lease requiring executory or coercive relief could not be determined in that action.

Therefore, the prior declaratory judgment was not *res judicata* as to the complaint in this action except as to the existence and terms of the lease.

The sustaining of appellees' motion to dismiss was error.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 296 N.E.2d 162.