James W. BLAKE, Jr., and Diane E. Cocklin, Appellants
(Plaintiffs Below),

v.

Patricia BLAKE, Walter C. Dietzen, and Nelson Bohannon, Appellees
(Defendants Below).

No. 2–977A350.

Court of Appeals of Indiana,
Fourth District.

July 12, 1979.

Lewellyn H. Pratt, Bloomington, for appellants (plaintiffs below).

Nelson Bohannon, Lapel, for appellees (defendants below).

MILLER, Judge.

Plaintiff-Appellant Diane E. Cocklin[1] appeals from the trial court's judgment which sustained the defendant's affirmative defense of res judicata. We affirm.

James W. Blake, Sr. died intestate on January 19, 1974, leaving as surviving heirs his wife, Patricia Blake (Patricia), and his

---

1. Blake, Jr. requested that the appeal be dismissed on his part and that request was granted. Also, this cause was remanded by Memorandum Decision dated May 21, 1979 pursuant to Ind. Rules of Procedure, Appellate Rules 15(N)(6) and 7.2(C) in order that the record of proceedings be supplemented to indicate what evidence the trial court considered in reaching its decision. The deficiency has been supplied by Appellant and we can now decide this cause on the merits.

sons and daughters, James W. Blake, Jr. (Blake, Jr.), Jacqueline Blake, John Blake, and Diane E. Cocklin (Cocklin). The decedent's cause of death was a gunshot wound inflicted by his wife, Patricia. Thereafter, she was indicted for voluntary manslaughter and later pled guilty to involuntary manslaughter pursuant to a plea agreement.

The Senior Blake's estate was opened and the administrator, Walter Dietzen, appointed on January 22, 1974 by the Superior Court of Madison County, No. 1, hereinafter referred to as "Superior Probate". In July of 1975, counsel for Blake, Jr. and Cocklin filed a petition to remove Walter Dietzen (Dietzen) as administrator and Nelson Bohannon (Bohannon) as attorney for the estate alleging they had an irreconcilable conflict of interest in that they had represented Patricia as co-counsel in her criminal case at the same time they were also representing Blake's estate. A hearing was held and the court denied the petition.

On January 5, 1976 the administrator filed a pleading incorrectly titled as a "Petition of Surviving Widow to Determine Interest of Patricia Blake" which actually was a petition by the administrator and signed by him praying that the court determine the title of certain parcels of real property which were held in the names of Blake, Sr. and Patricia, as husband and wife.

Subsequently, on February 25, 1976, Blake, Jr. and Cocklin filed a complaint in Madison Superior Court, No. 2[2], hereinafter referred to as "Superior Civil", naming as defendants, Patricia, Dietzen, and Bohannon. The complaint asked the court to impose a constructive trust on the properties previously held by Patricia and Blake, Sr. as tenants by the entireties. On the same date, which was also the date set for hearing on the administrator's petition in Superior Probate, Blake, Jr. and Cocklin filed a petition in the estate acknowledging that the property in question was owned as tenants by the entireties and claiming that, since no interest in the property passed into the estate, Superior Probate did not have jurisdiction to decide the administrator's petition. The petitioners further explained therein that they had filed a complaint in Superior Civil asking that a constructive trust be imposed upon the property and that, until the outcome of that case, "there can be no interest in property inside the estate upon which this court can pass a determination; there being no jurisdiction for this court to examine property located outside the estate." The petition prayed that the trial court refuse to determine any interests in the real property until "it may be judged that any of said real property falls within the jurisdiction of the estate."

On March 25, 1976, Superior Probate found that Patricia, as the surviving spouse, was "entitled to and granted all right, title and interest in and to said real property . . . ."

The defendants in the Superior Civil case then filed an affirmative answer of res judicata, alleging that the claim had been previously decided by Superior Probate.

On February 10, 1977, the judge in Superior Civil dismissed plaintiff's complaint on the grounds of res judicata. Cocklin appeals.

Cocklin preserved one issue for our review:

(1) Did the trial court err in upholding the defendant's affirmative defense of res judicata?

*CONTENTIONS:*

Cocklin contends her action in Superior Civil for a constructive trust should not be precluded under the doctrine of res judicata for three reasons. She claims there is no identity of issues, that Superior Probate did

---

**2.** During the litigation involved in this appeal, the Superior Court of Madison County Nos. 1 and 2 were abolished effective February 24, 1976 and replaced by the "Madison Superior Court" with three divisions. However, both before and after the restructuring of the Court, Superior Probate had general jurisdiction, concurrent with the Circuit Court, in all civil and probate matters. *See* Ind.Code 33-5-33-6, repealed effective February 24, 1976. Current statute is Ind.Code 33-5-33.1-4.

not have jurisdiction to enter the first judgment and that the merits of the issue were never fully litigated in Superior Probate.

The appellees respond that the issues which Cocklin wanted tried were those decided by Superior Probate, that, because Ind.Code 29–1–2–12[3] is in the Probate Code, Superior Probate clearly had jurisdiction to decide title in this case and, finally, that the matters were fully litigated.

*CONCLUSION:*

We find that the elements of res judicata do exist and uphold the trial court's dismissal of Cocklin's cause of action.

██ This Court has enumerated the elements required for the application of the doctrine of res judicata as follows:

"The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits . . . ."

*Middlekamp v. Hanewich* (1977), Ind.App., 364 N.E.2d 1024, 1033; *Crown Point School Corp. v. Richards* (1973), 154 Ind.App. 545, 549, 290 N.E.2d 449, 452; *Wright v. Kinnard* (1970), 147 Ind.App. 484, 488, 262 N.E.2d 196, 199–200.

We first address Cocklin's claim of a lack of identity of issues.

It is fundamental, we think, that facts or questions which were in issue in a former action and were there judicially determined are conclusively settled by a judgment rendered therein, and that such facts or questions become res adjudicata and may not be litigated in a subsequent action between the same parties or their privies regardless of the form the issue may take in the subsequent action. 30 Am.Jur., *Judgments*, § 178, p. 920. See also *Mutual Benefit Life Ins. Co. v. Bachtenkircher*, 1935, 209 Ind. 106, 198 N.E. 81, 104 A.L.R. 1135; *Cutler v. Cox*, 1828, 2 Blackf. 178.

*Kielczewski v. Rochwalik* (1955), 126 Ind. App. 206, 130 N.E.2d 785, 788. As the Indiana Supreme Court explained in *Howe v. Lewis* (1889), 121 Ind. 110, 22 N.E. 978, the difficulty arises not in ascertaining what the rule is, but in determining just what has been litigated and settled in application of the rule.

What was in issue is determined by the questions presented in the pleadings. *Howe, supra.*

The March 25, 1976 Order of Heirship During Administration which Patricia claims barred this action, was granted in response to three pleadings. The first was the petition filed by the administrator erroneously titled "Petition of Surviving Widow to Determine Interest of Patricia Blake". Therein, the administrator stated in part:

\* \* \* \* \* \*

2. That the inventory of the estate discloses certain pieces of real property and that controversy has arisen reference to the rights of survivorship in said real property under the laws of the State of Indiana and under the rights of intestacy of the heirs of JAMES BLAKE, deceased.

3. That said real properties were held in the names of JAMES BLAKE and PATRICIA BLAKE as husband and wife and that said real properties pass under the laws of intestacy and under the laws of the State of Indiana to the surviving spouse.

4. *That the interest of the estate and said real properties needs to be deter-*

---

3. "29–1–2–12. Causing death. A person who shall have been legally convicted of intentionally causing the death of another, or of aiding or abetting therein, shall, in accordance with the rules of equity, become a constructive trustee of any property, real or personal, acquired by him from the decedent or his estate because of such death, for the sole use and benefit of those persons legally entitled thereto other than such guilty person, saving to all innocent purchasers for value interests therein acquired in good faith. Such conviction shall be final and conclusive in any subsequent suit to charge him as such constructive trustee."

mined in order to make disposal of said real property for the settlement of the debts in the estate and to liquidate claims and make distribution to the heirs of the decedent.

WHEREFORE, petitioner prays the Court to determine the interest of the property in the estate including the real property and personal property as set forth in the inventory and any other properties which may preferably be the object of determination of ownership. (Our emphasis)

This first petition identifies the issue as a controversy between rights of survivorship and rights of intestacy of the heirs in certain real property formerly held by the decedent and Patricia, as husband and wife. The administrator also, significantly, makes reference to the necessity for a determination of the interest of the estate for possible disposal of the property for payment of debts and claims against the estate.

In her Answer, the second pleading, Cocklin requested a copy of the inventory, and in her prayer she requested that the court:

\* \* \* \* \* \*

2. Postpone the determination of any interests in property held by the estate until such time as the interested parties can have sufficient information and time to protect their interests.

3. That the Court refuse to determine any interests in certain real property set forth in the Surviving Children's Petition to Remove Determination of Interests in Real Property as filed on February 25, 1976.

Finally, in the third pleading entitled "Surviving Children's Petition to Remove Determination of Interests in Real Property and to Remove the Administrator", Blake, Jr. and Cocklin represented that the estate had no interest in the real estate at that time narrowing the issue to a controversy between the widow's title and that claimed by the children as heirs.[4]

■ There is no question that the statute, which imposes a constructive trust on property of the decedent acquired by one who has been convicted of intentionally causing the death of said decedent, Ind. Code 29–1–2–12, had no application to either action. Patricia Blake was not so convicted and the property was not acquired by her because of such death but through her survivorship interest in property held as tenants by the entirety. *National City Bank of Evansville v. Bledsoe* (1957), 237 Ind. 130, 144 N.E.2d 710.

The only interest in title that could cause the controversy mentioned in the administrator's petition, or could oppose the surviving widow's interest, is some equitable in-

4. The Surviving Childrens' Petition to Remove the Determination of Interests in Real Property and to Remove The Administrator reads in pertinent part as follows:

Comes now James W. Blake, Jr., and Diane E. Cocklin, by their counsel, Lewellyn H. Pratt, and say:

*I. PETITIONERS.*

1.1 That both petitioners are surviving children of James W. Blake, deceased and entitled to inherit from the estate of their father by Indiana laws of intestacy.

*II. PROPERTY PASSING OUTSIDE THE ESTATE.*

2.1 That at the time of their father's death, he held interests in certain real properties as husband and wife, with Patricia Blake.

2.2 That Indiana law does not pass said interests in property into the estate of a deceased as a matter of law.

2.3 That the administrator of said estate on November 21, 1975, stated in open court

that it was his opinion that all of the said properties were not paid of the estate.

2.4 That on February 25, 1976, petitioners herein have filed a claim with the Superior Court in Madison County to impose a constructive trust on said properties; a copy of said complaint is attached hereto, made a part hereof and marked as "Exhibit 1".

2.5 That until determination of said complaint, there can be no interest in property inside the estate upon which this Court can pass a determination; there being no jurisdiction for this Court to examine property located outside said estate.

\* \* \* \* \* \*

*V. PRAYER FOR RELIEF.*

WHEREFORE, the petitioners pray:

5.1 That the Court will refuse to determine any interests in said real property until such time as it may be judged that any of said real property falls within the jurisdiction of the estate.

terest in the heirs. *Bledsoe, supra.* The sole question was did the widow hold fee simple title or, specifically, what lesser interest did she hold.

We find that in the administrator's petition his mention of a controversy in the widow's interest could only refer to the possible adverse interest in the heirs who claimed equitable title. The heirs' petition indicates that they agreed she owned a claim to title as the surviving tenant by the entireties. The only issue before the court, therefore, was what kind of title did the widow hold in light of the heirs' equitable claim.

■ The rule is that everything which might have been adjudged under the issues in a cause will be presumed to have been adjudicated. Further, although a party, when sued, is not bound to plead a set-off or counterclaim, if the issues are so formed that the counterclaim is in fact litigated, the defendant will not be permitted afterwards to sue and recover on the litigated issue. *Howe, supra; Reichert v. Krass* (1895), 13 Ind.App. 348, 41 N.E. 835; *Wright, supra.*

■ Applying this principle to the case at hand, if the surviving children's claim was not actually identifiable as an issue in the administrator's petition, it surely would be a compulsory counterclaim. And as "[a] compulsory counterclaim [it] may be considered a matter which might have been . . . asserted, so that if the other elements of res judicata are present, namely, competent court, same parties, and judgment on the merits, the latter assertion of the counterclaim is barred." *Middlekamp, supra,* 364 N.E.2d at 1034. Whichever analysis is used, it is clear that questions which are within the issues or are essential to a complete determination of the points presented by the pleadings, or those necessary to a full adjustment of conflicting interests, are settled by the judgment. *Howe, supra; Reichert, supra; Wright, supra; Middlekamp, supra.*

The question of the heirs' equitable claim was essential to a complete determination of the controversy mentioned in the administrator's petition. Without a consideration of their possible interest in the property there would have been no controversy before the trial court. Furthermore, any interest of the estate in the property was contingent upon a finding of some title held by the heirs. *See, Bledsoe, supra.*

■ Finally, the complaint filed on February 25, 1976 in Superior Civil clearly stated a claim for a constructive trust to be imposed upon the tenancies by the entireties properties held by the widow. Though this latter complaint states the heirs' question more succinctly, we determine that it presented the same questions of fact to the trial court. Both courts were confronted with a controversy for title involving the surviving spouse and the other heirs. The set of facts upon which the decision must be based were necessarily the same, and identical evidence in each case will support these facts. *Middlekamp, supra; Fairwood Bluffs Conservancy District v. Imel* (1970), 146 Ind.App. 352, 255 N.E.2d 674.

Cocklin next contends that the probate court did not have jurisdiction to determine the contested interests in the properties in question. Appellees argue in their meager brief that, because the statute providing for a constructive trust, Ind.Code 29–1–2–12, is under the Probate Code, an action in equity using the same principles may be determined by the probate court.

■ In answering this issue, we are concerned with Superior Probate's jurisdiction of the subject-matter, its "legal power", as distinguished from the "right" to entertain the proceeding. *State ex rel. Essex Wire Corp. v. Grant Circuit Court* (1967), 248 Ind. 625, 230 N.E.2d 436; *State ex rel. Townsend v. Tipton Circuit Court* (1961), 242 Ind. 226, 177 N.E.2d 590; *Overpeck v. Dowd* (1977), Ind.App., 364 N.E.2d 1043. As noted earlier,[5] it is a court of general jurisdiction and has jurisdiction of actions to determine title. Once Superior

**5.** See footnote 2.

Probate assumed jurisdiction, it was empowered to decide all questions involved in the controversy. *State ex rel. Townsend, supra.*

In *State ex rel. Townsend* an action to contest a will was brought in the Superior Court of Madison County and was given a civil cause number. The judge, sua sponte, changed the cause number to that of the estate which had been opened in his same court. The Supreme Court decided that though the proceedings to contest the will, like those on claims against the estate, are issues civil in nature, they are attached to the estate proceedings by their effect on the administrator and ultimate distribution in the estate. Therefore the action to contest the will could be renumbered "so long as the rights of the parties are not prejudiced thereby in the trial of the merits of the action or defense." 242 Ind. at 226, 177 N.E.2d 593.

The Supreme Court held in its *Bledsoe* decision that property once held by the entireties may in equity be found to have been severed and treated as held by tenants in common. The result of that case was to give the estate of the murdered wife an action for one-half of the real estate for payment of her debts. This indicates that the administration and distribution of an estate could also be affected by such an equitable proceeding. *See* Ind.Code 29–1–7–23.

██ The administrator's petition appears to be an action to determine title, provided for in Ind.Code 29–1–13–1. The Probate Code provides that where a party claims a property interest adverse to that of the estate the procedure to determine, title is an independent action and not within the probate proceedings. Ind.Code 29–1–13–10. However, when the action has been brought in the same court where the estate is administered, the determination of title will be upheld where the court had jurisdiction of the subject-matter, and the parties were afforded an adequate opportunity for an investigation and determination of the merits. *State ex rel. Townsend, supra.*

██ Here, Superior Probate had the power to decide the question of title, and if the decision was erroneous it should have been properly appealed or it was waived. *State ex rel. Essex Wire Corp. v. Grant Circuit Court, supra; State ex rel. Dean v. Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230. The determination by Superior Probate that it had jurisdiction (as well as its decision on the merits) might have been erroneous, but it did not make the judgment void. The decision could only be reversed by an appeal. *State ex rel. Allman v. Superior Court for Grant County* (1939), 215 Ind. 249, 19 N.E.2d 467.

Cocklin complains in her motion to correct errors that she and Blake, Jr. did not intend to litigate the claim for a constructive trust in Superior Probate and in fact did not present their case on the hearing date. She further contends in her brief that there was never a hearing on the merits, the judge ruled on the basis of the pleadings, and that their opportunity to be heard was thus denied. However, Cocklin does not show that she tried to present evidence on the day set for the hearing but instead appears to have had decided to pursue her claim only in Superior Civil. On appeal we only review errors committed by the trial court, not tactical mistakes committed by the parties. There is no allegation that the trial court refused to afford her full opportunity to be heard on all the issues in the petitions and answer.

██ As stated earlier, when the matter in issue in the subsequent suit was or might have been determined in the former suit and the judgment in the former suit was rendered on the merits, the total matter will be presumed to have been adjudicated. The surviving children had the opportunity, had it been pursued, to present their case in the original proceeding in Superior Probate. As stated in *Novak v. Novak* (1956), 126 Ind.App. 428, 133 N.E.2d 578, 581, "[i]t is a general policy of the law that courts refuse to grant negligent litigants a second opportunity to present merits, if any, of their case." If there was merit to the heirs' contentions that Superior

Probate lacked jurisdiction, then the matter was one to be appealed from that court's decision, but Cocklin cannot argue her cause in a collateral manner. *Novak, supra; State ex rel. Allman v. Superior Court for Grant County, supra.*

The determination made in response to a defense of res judicata is whether the decision was rendered on the merits, rather than whether the issues were fully litigated, as Cocklin argues. A decision, for example, decided on a procedural basis, *Slater v. Stoffel* (1969), 144 Ind.App. 672, 248 N.E.2d 378, *cert. denied* 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 419, or decided on a changed set of facts, *Wright, supra,* will not have been rendered on the merits. On the other hand, a decision may be rendered on the merits even though granted in a summary judgment or in response to Ind.Rules of Procedure, Trial Rule 12(B)(6) motion. *England v. Dana Corp.* (1970), 147 Ind.App. 279, 259 N.E.2d 433.

We conclude that the trial court (Superior Probate) made a decision on the merits of the petitions then before it after providing an opportunity to all interested parties to participate fully. Such court had been asked to clarify the widow's title in relation to a controversy which had arisen. This it did by determining in its order that the widow held fee simple title and interest as the surviving tenant by the entireties. Because the issue was adjudicated by Superior Probate, Superior Civil's dismissal of the same action was proper.

Finding no error by the trial court we affirm.

CHIPMAN, P. J., concurs.

YOUNG, J., concurs.